MARTIN W. DOBBS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Where a rule *nisi* for contempt of court charges the defendant with an attempt to bribe another to warn witnesses to avoid subpœnas issued for them, and the answer of the defendant purges himself of the contempt, and the traverse of that answer by the solicitor general is not sustained by the proof, and the court fines the defendant $100 00:

*Held*, that the court erred; and this court, while reluctant to interfere with the courts below in matters of contempt, will correct such an error.

2. Where the subpœnas for the witnesses, in connection with whom the contempt is charged, issue in blank as to the names of the parties to the case:

*Held*, that such subpœnas are not valid processes on which to predicate such rule for contempt.

Criminal law. Contempt. Subpœnas. Before Judge KNIGHT. Forsyth Superior Court. April Term, 1875.

Reported in the opinion.

H. P. BELL; J. N. DORSEY, for plaintiff in error.

C. D. PHILLIPS, solicitor general, by W. S. THOMPSON, for the state.

JACKSON, Judge.

The rule *nisi* in this case charged the defendant to the rule with offering a bribe to one Fowler, to warn witnesses, for

Dobbs vs. The State of Georgia.

whom subpœnas to attend court were issued, to avoid being served with the subpœnas. The bribe charged was the loan of a mule to Fowler to ride from court home. The subpœnas did not state the case and names of parties in which the witnesses were summoned to testify, but that was left blank. The defendant answered the rule, admitting that he had offered to lend the mule, but denying that he had done so upon condition that Fowler should warn the witnesses to avoid the process. The solicitor general traversed this answer; the court heard testimony, and fined the defendant $100 00. The error complained of is this judgment and fine.

The witnesses sworn were the clerk, who proved that he issued the subpœnas in blank as to the case, which was his habit in cases before the grand jury; the sheriff, who swore that Dobbs told him the parties subpœnaed were not at home, and that he would serve them on their return, and who then gave Dobbs the subpœnas; and Fowler, who swore that Dobbs offered to lend him the mule, and told him, if he saw the witnesses, to say to them that there might be trouble at court *about matters in no way connected with these subpœnas.* It further appeared that Dobbs was the prosecutor in the indictment before the grand jury, and no motive is shown or hinted in the record, on his part, to procure the absence of witnesses to aid in his own prosecution. There may be something behind the curtain not contained in this record, but we can see no evidence in it authorizing the fine imposed. We are clear, too, that a subpœna issued in blank is not a valid process on which to predicate such action. While, therefore, very reluctant to interfere with the courts in their administrative duties and practice, and especially in punishing for contempt of their authority or process, we think that this record discloses such a case as demands our interference, and accordingly we reverse the judgment.

Judgment reversed.