## 56867. MAFNAS v. THE STATE.

SHULMAN, Judge.

Ramon S. Mafnas was found guilty by a jury of distributing amphetamines in violation of the Georgia Controlled Substances Act and sentenced to serve twelve years in prison. He appeals and we affirm.

1. Prior to trial Mafnas made a written motion pursuant to the Uniform Act to Secure the Attendance of Witnesses From Without the State (Code Ann. § 38-2001a et seq.), that certain witnesses residing in California be subpoenaed and their fees and travel expenses be paid by the state. At the hearing the motion was waived as to two witnesses, but continued as to a Mr. Stonebrook, a licensed private investigator who, it was stated, was willing to testify that he had been approached by police "informants" or "agents" and requested to perform illegal activities. Since it was not asserted that Stonebrook would say that he observed or overheard these police "agents" coerce Mafnas to commit a crime, the trial court denied the motion, concluding that there had not been a sufficient showing of the necessity and materiality of the testimony of the sought witness which would be admissible on trial in support of a defense of entrapment.

We agree. Under the Uniform Act to Secure Attendance of Witnesses From Without the State, for a witness from another state to be summoned to testify in

this state he must be a necessary and material witness, and a judge in the demanding state must set out and certify a showing of necessity and materiality for presentment to a judge of a court of record in the county in which the witness is found. Code Ann. §§ 38-2003a (b), 38-2005a (a). The Act does not provide for the issuance of a subpoena,[1] but is rather a process for obtaining a court order for the production of the witness, who may also appear in the jurisdiction where he is found and convince the court to deny or quash it. Code Ann. § 38-2003a (a) and (b).

Mafnas' argument that he was denied the constitutional right to compulsory process is invalid because neither the Georgia nor the United States Constitution obligates the state to compel the attendance of witnesses who cannot be located within its jurisdiction. *Minder v. State,* 113 Ga. 772 (1) (39 SE 284) (1901); affd. Minder v. Georgia, 183 U. S. 559 (22 SC 224, 46 LE 328) (1901). The right to compulsory process does not amount to a guarantee by the state that the witness requested by a defendant will in fact appear at trial, but only relates to the issuance of the process. *Smith v. State,* 118 Ga. 61 (1) (44 SE 827) (1903).

Neither does a party requesting the presence of an out-of-state witness have an absolute right to obtain the witness sought under the Uniform Act. Because the demands of due process must be met, the statute requires the presentation of enough facts to enable both the court in the demanding state and the court in the state to which the requisition is directed to determine whether the witness should be compelled to travel to a trial in a foreign jurisdiction. Code Ann. §§ 38-2003a (a), (b); 38-2005a (a); State v. Emrick, 282 A2d 821, 824 (Vt. 1971); State v. Smith, 208 A2d 171, 174 (N. J. Super. 1965). In order to do this it must be shown that the witness sought is a necessary and material witness to the case, and the party desiring the witness must carry the burden of

---

[1]Indeed, it has been held that such Acts do not give a state court the power to subpoena a witness. People v. Du Bose, 89 Cal. Rptr. 134, 137 (App. 1970).

establishing those facts. State v. Emrick, 282 A2d 821, supra; State v. Smith, 208 A2d 171, supra.

Implicit in the Act is the precept that the decision whether to grant the process is a matter for determination by the trial judge in the exercise of his sound discretion. Under the facts here the trial judge did not err in refusing to issue process or a statutory requisition for Stonebrook. Compare *Krist v. Caldwell,* 230 Ga. 536, 539 (4) (198 SE2d 161) (1973).

2. Nor did the court err in refusing to exclude the assistant district attorney from the hearing on the motion to subpoena witnesses. As representative of the State of Georgia he had both a right and a duty to attend the hearing and represent the state's interest, as well as to question Mafnas' alleged indigency and whether he made a proper showing of necessity and materiality. Ga. Const. Art. VI, Sec. XI, Par. II (Code § 2-4002); Code Ann. §§ 24-2908 (1), (4), 24-2912 and 24-3318.

3. Mafnas requested the trial court to charge the jury that even if evidence was presented which convinced them of his guilt beyond a reasonable doubt, they had the power to acquit him. This request was bottomed upon obiter dictum found in *Johnson v. State,* 240 Ga. 526 (242 SE2d 53) (1978), where the issue was whether evidence used at a trial which resulted in an acquittal could justify a subsequent probation revocation. Justice Jordan, speaking for the Supreme Court, held that it could, stating: "Before a jury is authorized to convict, evidence must be presented which will establish guilt of the defendant beyond a reasonable doubt. Even when this is done a jury has the power to acquit. This quantum of evidence is not necessary to justify the revocation of a sentence of probation." 240 Ga. 527. The quoted statement merely points out that a jury, as the trier of fact, may turn a defendant free by returning a verdict of not guilty even if his guilt were proved beyond a reasonable doubt, for a jury is subject to no other authority and has only the constraint of its oath and its conscience to face as a consequence.

However, "[e]ven though language used by the appellate courts in a decision may embody sound law, it is not always appropriate to employ such language in

instructing the jury. [Cit.]" *Stull v. State,* 230 Ga. 99, 104 (4) (196 SE2d 7) (1973). The law is that "[i]f a unanimous jury, after having considered all of the evidence in the case, believes beyond a reasonable doubt that the accused parties are guilty of having committed the crimes charged, then the members of the jury do, pursuant to the law and the oaths taken as jurors, have a 'duty' to return verdicts of guilty." *Paschal v. State,* 230 Ga. 859 (1) (199 SE2d 803) (1973); Code § 59-709. Accordingly, the request to charge was inappropriate and it was not erroneous to refuse to give it. See also *Porter v. State,* 141 Ga. App. 602 (3) (234 SE2d 100). The jury was fully informed as to reasonable doubt, Mafnas received the benefit of all he was entitled to, and there is no error where the instructions considered as a whole are unlikely to mislead the jury. *Collins v. State,* 145 Ga. App. 346, 348 (4) (243 SE2d 718) (1978).

4. The trial court properly refused to charge that an entrapment defense is not an admission of guilt because this request is contrary to law. "In order to raise the defense of entrapment a defendant must admit the commission of the crime; but that he did so because of the unlawful solicitation or inducement of a law enforcement agent. [Cit.]" *Carter v. State,* 140 Ga. App. 208 (230 SE2d 357) (1976). The issue of entrapment cannot be presented to the jury if the accused denies his guilt. *McKibben v. State,* 115 Ga. App. 598, 600 (2) (155 SE2d 449) (1967).

5. An instruction that Mafnas could be convicted of the lesser included offense of possession of drugs instead of distribution was not authorized by the evidence. All of the state's evidence and Mafnas' own testimony established that Mafnas came to Clayton County from California on the date of the offense for the sole purpose of distributing some 12,000 odd amphetamine pills to a police undercover agent, and that he did in fact distribute them that day. "It is never error for a trial court to refuse to charge on a lesser included offense even though requested in writing when the evidence does not reasonably raise the issue that defendant may be only guilty of the lesser crime. [Cits.]" *Quick v. State,* 139 Ga. App. 440, 443 (5) (228 SE2d 592) (1976); *Collins v. State,* 146 Ga. App. 138 (2) (245 SE2d 488) (1978).

6. In Enumerations of error 6, 7 and 8 Mafnas complains that the trial court erred in denying his motion for directed verdict made at the close of the state's evidence, that the evidence was not legally sufficient to convict him, and of the denial of his motion for new trial. Although there was one special ground to the motion for new trial relating to refusal to give certain requests to charge, this ground has not been argued and is deemed abandoned. What remains at issue relates solely to the sufficiency of the state's evidence to warrant conviction in light of Mafnas' entrapment defense.

An entrapment defense is not raised where the evidence reveals a marked disposition on the part of the defendant to use and sell contraband, especially as here where Mafnas admitted to being a drug seller for the past 1 1/2 years and that he had possession of the drugs involved here for some four or five months prior to the date of the offense with all "the necessary incidents of power of use and disposition." *Garrett v. State,* 133 Ga. App. 564, 566 (3) (211 SE2d 584) (1974). "The trial transcript clearly shows that the defendant was a willing seller . . . to the undercover agent, and the authorities merely provided him with an opportunity to make a sale he was predisposed to make. '[T]here is no entrapment where the officer merely furnishes an opportunity to a defendant who is ready to commit the offense.' *Hill v. State,* 225 Ga. 117, 119 (166 SE2d 338). See *Orkin v. State,* 236 Ga. 176, 195 (8) (223 SE2d 61)." *Benefield v. State,* 140 Ga. App. 727, 730 (2) (232 SE2d 89) (1976). Indeed, Mafnas received a beneficial charge on entrapment to which he was not entitled under the evidence, which the jury nevertheless resolved against him. *Roberts v. State,* 140 Ga. App. 21, 22 (1) (230 SE2d 84) (1976). Accordingly, the evidence was legally sufficient to justify his conviction.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 30, 1978 — DECIDED FEBRUARY 23, 1979 — REHEARING DENIED MARCH 13, 1979 —

*Leonard Cohen,* for appellant.
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.