■ In the Matter of JAMES FAILLA, Appellant. — In a proceeding pursuant to CPL 640.10, James Failla appeals from an order of the Supreme Court, Richmond County (Broomer, J.), dated July 20, 1982, which directed him to appear before a New Jersey Grand Jury. Order affirmed, without costs or disbursements. Appellant's primary contention is that he was denied a fair hearing because the demanding State, New Jersey, did not produce the Deputy Attorney-General who prepared the petition to the New Jersey court. At a hearing pursuant to CPL 640.10 (subd 2), the certification from the demanding State "shall be prima facie evidence of all the facts stated therein". It is not incumbent upon the demanding State to produce a witness to attest to those facts (see *State of New Jersey v Geoghegan,* 76 AD2d 894; *Matter of State of Washington v Harvey,* 10 AD2d 691, app dsmd 8 NY2d 865). At the hearing, appellant alleged that a witness who testified before a New Jersey Grand Jury and implicated appellant in the events under investigation perjured himself. If this allegation is true, appellant's testimony would still be material and necessary to refute the other witness' testimony. There is no evidence in this record that the New Jersey court abused its discretion when it certified that appellant was a material and necessary witness (see *Matter of Superior Ct. of State of N. J. v Farber,* 94 Misc 2d 886). We have considered appellant's remaining contentions and find them to be without merit. Damiani, J. P., Mangano, Brown, Rubin and Boyers, JJ., concur.