## 66584. CHESSER v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was found guilty of cruelty to children and sentenced to serve twenty years, twelve years to be served in the state penitentiary and the remaining eight to be served on probation. Defendant's motion for new trial was denied, and he appeals. *Held:*

In his enumeration of errors defendant contends the trial court erred in denying his petition to certify certain Florida witnesses as material and in refusing to grant a continuance (at both the discovery motion hearing and the trial) so that he (defendant) could subpoena these Florida witnesses to testify in his behalf. Defendant contends that these denials deprived him of his right to effective assistance of counsel and to a fair trial. Defendant's contention is without merit.

At the pretrial motion hearing, conducted September 30, 1982, defendant made a written motion pursuant to The Uniform Act to Secure the Attendance of Witnesses From Without the State, OCGA § 24-10-90 et seq. (formerly Code Ann. § 38-2001a et seq. (Ga. L. 1976, p. 1366)), that certain witnesses residing in Florida be certified as material. At the same time, defendant filed a motion to continue his discovery motion hearing until the statutory procedure for certifying non-resident witnesses could be completed. Both motions were made for the purpose of subpoenaing certain Florida witnesses for trial. The court, after hearing from defense counsel, stated that a sufficient showing for the subpoenas had not been made and denied the motions. Subsequently, at trial, defendant filed another continuance motion. The purpose of this motion, like the previously filed motions, was to allow defendant time to subpoena certain Florida witnesses,

namely, a Dr. Ernest Miller and a Dr. La Spada. Again, based on insufficient evidence, defendant's motion was denied.

Under The Uniform Act to Secure the Attendance of Witnesses From Without the State, for a witness from another state to be summoned to testify in this state he must be a necessary and material witness, and a judge in the demanding state must set out and certify a showing of necessity and materiality for presentment to a judge of a court of record in the county in which the witness is found. OCGA §§ 24-10-92 (b), 24-10-94 (a) (formerly Code Ann. §§ 38-2003a (b), 38-2005a (a) (Ga. L. 1976, pp. 1366, 1367, 1369)); *Mafnas v. State,* 149 Ga. App. 286, 287 (1) (254 SE2d 409). The Act does not provide for the issuance of a subpoena, but is rather a process for obtaining a court order for the production of the witness, who may also appear in the jurisdiction where he is found and convince the court to deny or quash it. OCGA § 24-10-92 (a) (b) (formerly Code Ann. § 38-2003a (a) (b) (Ga. L. 1976, pp. 1366, 1367)); *Mafnas v. State,* 149 Ga. App. 286, supra.

The party requesting the presence of an out-of-state witness does not have an absolute right to obtain the witness sought under the Uniform Act. To this end, the statute requires the presentation of enough facts to enable both the court in the demanding state and the court in the state to which the requisition is directed to determine whether the witness should be compelled to travel to a trial in a foreign jurisdiction. OCGA §§ 24-10-92 (a) (b) (Code Ann. § 38-2003a), 24-10-94 (a) (Code Ann. § 38-2005a), supra; *Mafnas v. State,* 149 Ga. App. 286, supra. In order to do this, it must be shown that the witness sought is a necessary and material witness to the case, and the party desiring the witness must carry the burden of establishing those facts. *Mafnas v. State,* supra.

Here, for the following reasons, defendant did not carry this burden. First, it is questionable whether Dr. Miller's alleged testimony concerning his patient's (defendant's wife and mother of the child in question) emotional state would have been admitted at trial. Dr. Miller is a psychiatrist, and under OCGA § 24-9-21 (5) (formerly Code Ann. § 38-418 (a) (5) (Ga. L. 1959, p. 190; 1978, p. 1657; 1982, p. 1077)), which provides for confidentiality of communications between a psychiatrist and patient, it is most likely that any patient communications to Dr. Miller would have to have been excluded. Second, the defendant has cited no case authority in support of his contention that certain Florida witnesses should have been certified as material. He merely refers to the fact that the trial court's denial of his certification petition deprived him of his right to effective assistance of counsel and to a fair trial. Third, only hearsay evidence was used to show the necessity and materiality of all the

witnesses named in defendant's certification petition. For these reasons, the trial court, under the decision of *Mafnas v. State,* 149 Ga. App. 286, supra, did not err in the exercise of its sound discretion in denying defendant's certification petition.

The trial court's denial of defendant's continuance motions was also proper. The refusal of a motion to continue will not be reversed unless it is manifest that there has been an abuse of discretion on the part of the trial judge. *Felts v. State,* 244 Ga. 503, 506 (6) (260 SE2d 887); *Callahan v. State,* 148 Ga. App. 555, 557-558 (7) (251 SE2d 790); *Kelly v. State,* 241 Ga. 190, 191 (3) (243 SE2d 857). Here, no abuse of discretion is found.

Neither Dr. Miller nor Dr. La Spada was established as a necessary and material witness. Further, defendant has cited no case authority in support of his contention that the trial court erred in refusing to grant his continuance motions. He, again, merely refers to the fact that the trial court's denial of his continuance motions deprived him of his rights to effective assistance of counsel and to a fair trial. Moreover, the continuance motion, in the case of Dr. Miller, was not filed until a couple of days before the case was to be tried, and in the case of Dr. La Spada, was not filed until the day of the trial itself and after the defendant had answered ready and a jury had been selected. See *Whatley v. State,* 162 Ga. App. 106 (1) (290 SE2d 316); *Wise v. State,* 146 Ga. App. 194 (1) (246 SE2d 6) (holding that the announcement of ready by defense counsel upon the call of the case constituted a waiver of defendant's right to a continuance). The trial court had adequate grounds to support its denial of defendant's continuance motions. Accordingly, defendant's enumeration of errors are without merit.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 12, 1983 —
REHEARING DENIED SEPTEMBER 28, 1983 —

*E. Kontz Bennett, Jr.,* for appellant.
*C. Deen Strickland, District Attorney,* for appellee.