## A92A1674. WELCH v. THE STATE.
### (427 SE2d 22)

Pope, Judge.

Defendant Tommy W. Welch appeals his conviction of one count of attempt to sell cocaine and two counts of violation of the Georgia Controlled Substances Act for the sale of cocaine. Although the defendant has no right to represent himself and also be represented by counsel (*Hance v. Kemp*, 258 Ga. 649 (1) (373 SE2d 184) (1988)), throughout the proceedings the trial court permitted representation both by defendant and by his counsel. On appeal, defendant and his counsel filed separate enumerations of error and separate briefs. We have examined both sets of enumerations of error and find no reversible error.

1. Both defendant and his counsel argue the trial court erred in denying his motion for directed verdict to Count I of the indictment, charging defendant with attempt to sell cocaine. The indictment alleged defendant agreed to sell "a quantity of cocaine" to an undercover agent and agreed upon "price and quantity." Both defendant and his counsel argue no evidence was presented to prove the allegations of this count of the indictment. We disagree. Two informants who assisted the undercover officers in the transactions with defendant and his co-defendants testified that defendant agreed to provide them with cocaine at a later time if they would give him $200. One of the informants testified defendant "talked about weight and volume." We conclude the evidence was sufficient to create an issue for jury determination and the trial court did not err in denying defendant's motion for directed verdict on this count.

2. Both defendant and his counsel argue the trial court erred in denying defendant's motion for directed verdict on Counts II and III of the indictment, charging him with the sale of cocaine. Both argue that the only evidence implicating defendant in the two transactions is the conflicting testimony of the two informants who admitted they were convicted drug violators. The credit to be given the testimony of a witness where impeached for conviction of a crime involving moral turpitude is for the jury to determine under proper instructions from the court. *Taylor v. Marsh*, 107 Ga. App. 575 (1) (130 SE2d 770) (1963). The record shows the jury was properly instructed concerning the credibility of witnesses, and we cannot say the witness' testimony was insufficiently credible to submit the issue of defendant's guilt to the jury.

The inconsistency between the testimony of the two informant

witnesses concerned the order in which the two sales occurred and the exact number of packages of crack cocaine which were sold. One witness stated defendant first made a sale of 13 small bags of crack cocaine at a trailer late at night. According to this witness, after midnight he and the other informant went to a house near the trailer and defendant sold him another six bags of cocaine. The witness identified the two groups of packages of cocaine as exhibits which were introduced into evidence. The other informant witness testified defendant sold approximately ten bags of crack cocaine at the house between 10:00 and 11:00 p.m., and after midnight the two informants went to a trailer. This witness, however, admitted his recollection of the details of the two transactions could have been affected by the passage of time between the transactions and the date of the trial. "The jurors must weigh and resolve any conflicts presented by the evidence. The appellate court must view the evidence in the light most favorable to the jury's verdict." *King v. State,* 157 Ga. App. 733, 734 (1) (278 SE2d 491) (1981). The inconsistencies between the testimony of the two informant witnesses were minor and explainable and the trial court did not err in denying defendant's motion for directed verdict as to Counts II and III.

3. Both defendant and his counsel argue the evidence was insufficient to sustain his convictions. We have examined the record and conclude the evidence was sufficient so that a rational trier of fact could find the essential elements of each of the crimes charged beyond a reasonable doubt.

4. We reject the argument of defendant's counsel that the trial court erred in admitting in evidence the cocaine which one of the informant witnesses identified as that which the defendant sold him. We have examined the trial transcript and, contrary to counsel's argument, we conclude the State proved an adequate chain of custody for the evidence.

5. Defendant, acting pro se, argues the trial court erred in allowing the prosecutor to state during his opening statement that one of defendant's co-defendants pled guilty to the charges. The prosecutor's statement does not appear in the record. The record does reflect, however, that when an objection was raised to the comment the prosecutor noted that his statement contained no indication that the co-defendant had implicated the other defendants. The co-defendant's plea was not admitted into evidence but was merely mentioned in the prosecutor's opening statement. The trial court instructed the jury that the opening statements of the attorneys were not evidence in the case. Thus, the prosecutor's reference did not violate OCGA § 24-3-52, which prohibits the confession of one joint offender from being admissible in evidence against another joint offender. It was not unreasonable for the prosecutor to reveal that one of defendant's two co-

defendants pled guilty as a way to explain to the jury why only two of the three individuals named in the indictments involved in this case were being tried.

6. In regard to testimony concerning an in-custody statement defendant made to an officer in which he admitted he had dealt in crack cocaine, defendant argues the testimony was hearsay and the trial court erred in failing to give limiting instructions to the jury. Testimony concerning the defendant's own in-custody statement is not a violation of the hearsay rule. See Green, Ga. Law of Evidence, § 234 (2d ed.).

Although the issue was neither addressed in his enumeration of error nor raised at trial, defendant also argues the testimony improperly introduced his character into evidence because it related to prior criminal transactions. Defendant thus contends the trial court erred in failing to instruct the jury to disregard evidence of his general character or conduct in previous transactions not at issue in the case at trial. Although we are not required to consider arguments which are beyond the scope of the enumerated error (*MacDonald v. Mac-Donald*, 156 Ga. App. 565 (1) (a) (275 SE2d 142) (1980)), this court is nevertheless indulgent in examining all arguments raised by a criminal defendant acting pro se. The testimony of the officer concerning defendant's in-custody statement did not explicitly raise the issue of other unrelated criminal transactions but merely consisted of testimony that defendant admitted dealing in drugs and offered to provide the State with the identities of his suppliers. At trial defendant requested no instruction to the jury to disregard evidence of defendant's character or evidence relating to previous transactions, and in our opinion the trial court's failure to give such instructions was not a substantial error which was harmful as a matter of law. See OCGA § 5-5-24 (c).

7. Defendant's argument that he is entitled to discharge and acquittal pursuant to OCGA § 17-7-170 is meritless. The record shows defendant's demand for trial was filed October 18, 1991, during the September term of the Paulding County Superior Court, and he was tried in April 1992, during the next succeeding February term of court. See OCGA § 15-6-3 (38) (B).

8. Finally, we reject defendant's argument that the trial court erred in denying his motion, brought pursuant to The Uniform Act to Secure the Attendance of Witnesses From Without the State, OCGA § 24-10-90 et seq., to certify as material witnesses 75 individuals from Alabama and Ohio. At the pre-trial hearing, the only evidence presented in support of defendant's motion was his statement in his place that the witnesses would be able to testify to his whereabouts on the dates at issue in the indictment. In response, the prosecutor stated that he had sent a letter requesting information to each person

on defendant's list and that only six had replied, five stating they did not know defendant and one stating he knew nothing about defendant's whereabouts. The party desiring the attendance of an out-of-state witness must carry the burden of showing that the witness is necessary and material to the case. *Chesser v. State*, 168 Ga. App. 195 (308 SE2d 589) (1983); *Mafnas v. State*, 149 Ga. App. 286 (1) (254 SE2d 409) (1979). Where, as here, only hearsay evidence was used to show the necessity and materiality of the witnesses named in the petition, the trial court "did not err in the exercise of its sound discretion in denying the defendant's certification petition." *Chesser v. State*, 168 Ga. App. at 197.

*Judgment affirmed. Johnson, J., concurs. Carley, P. J., concurs in judgment only.*

DECIDED DECEMBER 4, 1992 —
RECONSIDERATION DENIED DECEMBER 18, 1992 — 

Tommy W. Welch, *pro se.*
*Bagby, Bagby & Henley, T. Lee Henley*, for appellant.
*William A. Foster III, District Attorney, Thomas V. Driggers, James E. Barker, Assistant District Attorneys*, for appellee.