## S94A0871. STEPHENS v. THE STATE.

(450 SE2d 192)

CARLEY, Justice.

After a jury trial, appellant was found guilty of two counts of malice murder and three counts of felony murder and was given three consecutive sentences of life imprisonment. His motion for new trial was denied and he appeals.[1]

1. The State produced evidence which showed that appellant and his four co-indictees robbed the three victims. Numerous eyewitnesses identified appellant as the one who shot the victims. Although a prior statement of a defense witness indicated that one of the victims was shot by someone other than appellant and his four co-indictees, " 'any questions of the credibility of witnesses and the weight to be given their testimony is entirely within the province of the jury. (Cits.)' [Cits.]" *Smith v. State*, 263 Ga. 224 (1) (430 SE2d 579) (1993). Accordingly, the evidence in this case is sufficient to authorize a rational trier of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Smith v. State*, supra; *Roker v. State*, 262 Ga. 220 (1) (416 SE2d 281) (1992). This would be "true even [if] appellant was not the triggerman [as to every victim]." *Van Huynh v. State*, 258 Ga. 663, 664 (1) (373 SE2d 502) (1988).

2. Appellant and his four co-indictees were arrested soon after the murders. A few months later, one of the eyewitnesses, Torrance Jackson, identified John Wesley Ragin and Travis Williams as also having been at the scene of the crimes along with appellant and the four co-indictees. Jackson further stated that it was Ragin who shot one of the victims. Based upon this information, arrest warrants were issued for Ragin and Williams, who, however, were not indicted. Several enumerations are predicated upon appellant's contention that the State deliberately concealed the existence of these arrest warrants until after the trial.

Although appellant may not have discovered the existence of the arrest warrants until after trial, there is no proof that the State deliberately concealed the existence of those warrants from appellant. Moreover, the record shows that, although appellant may not have been specifically informed of the existence of the arrest warrants until after trial, he was informed of Jackson's statement. The record fur-

---

[1] The crimes occurred on June 3, 1990. Appellant was indicted on October 26, 1990. The verdicts were returned on December 4, 1990 and filed on December 11, 1990, and the sentences were imposed on December 4, 1990 and filed on December 11, 1990. Appellant's motion for new trial was filed on December 28, 1990, amended on October 20, 1993 and October 29, 1993 and denied on January 25, 1994. His notice of appeal was filed on February 21, 1994. The case was docketed in this court on March 14, 1994 and was orally argued on June 7, 1994.

ther shows that appellant used Jackson's statement extensively to cross-examine the detective to whom it had been given, in an effort to impeach the detective's allegedly contradictory earlier testimony. Thus, even assuming that the existence of the arrest warrants should have been disclosed to appellant, they were not so material to appellant's defense that their nondisclosure would amount to a constitu-tional violation of his right to a fair trial under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). See *Wallin v. State*, 248 Ga. 29 (279 SE2d 687) (1981); *Potts v. State*, 241 Ga. 67, 74 (5) (243 SE2d 510) (1978).

3. Contrary to appellant's contention, there is no "*Brady* violation where information sought becomes available to the accused at trial. [Cit.]" *Shearer v. State*, 259 Ga. 51 (1) (376 SE2d 194) (1989). After conducting an in camera inspection of the prosecution's file, the trial court provided appellant with various materials and ordered a six-day recess in the trial to allow defense counsel to review the materials. There was no reversible error in this procedure. See *Annison v. State*, 206 Ga. App. 861, 863 (5) (427 SE2d 5) (1992); *Manous v. State*, 200 Ga. App. 293, 295 (2) (407 SE2d 779) (1991).

4. Appellant urges that the State deprived him of a fair trial through the knowing use of perjured testimony given by two officers. Appellant contends that the officers' testimony at trial with regard to the possibility of there being additional suspects has been shown to be untrue in light of the subsequently disclosed existence of the arrest warrants for Ragin and Williams.

When the officers' testimony is read in context, there is no inconsistency with the existence of the arrest warrants. Accordingly, "[i]t was not proved that [their] trial testimony was false." *Ward v. State*, 205 Ga. App. 504, 507 (3) (423 SE2d 288) (1992). Moreover, as previously discussed, the evidence underlying the arrest warrants was admitted at trial and was used by appellant on cross-examination of both officers. "This is not a situation wherein the [S]tate allowed a witness to give false testimony which defense counsel had no means of correcting. [Cits.]" *Gober v. State*, 203 Ga. App. 5, 7 (4) (416 SE2d 292) (1992).

5. During her opening statement, the prosecuting attorney indicated that she expected the evidence to show that, in addition to the five co-indictees, "another male has turned himself in down in Florida." Appellant urges that, because this statement was known by counsel for the State to be false, a mistrial should have been declared.

There was no showing that counsel's statement was false. Moreover, the record shows that appellant never made a motion for a mistrial based upon this statement, but merely moved for a continuance. Although the trial court denied a continuance, it did instruct the jury to disregard the prosecuting attorney's reference to the person in

Florida. The opening statement "contained no indication that the [person in Florida] had implicated [appellant]" and the trial court's instruction, which was more relief than had been requested by appellant, was sufficient. *Welch v. State*, 207 Ga. App. 27, 28 (5) (427 SE2d 22) (1992). See also *Williams v. State*, 261 Ga. 640, 643 (4) (409 SE2d 649) (1991); *Hilburn v. State*, 166 Ga. App. 357, 358 (2) (304 SE2d 480) (1983).

6. In her closing argument, the prosecuting attorney recalled her own struggle with the standard of "reasonable doubt" as she pondered the Wayne Williams case when she was still in law school. The trial court overruled appellant's objection to this statement. The challenged portion of counsel's argument was made for the purpose of illustrating a legal principle and did not purport to "compare" the facts of the two cases. There was no error. See *Ward v. State*, 262 Ga. 293, 297 (6) (f) (417 SE2d 130) (1992); *Robinson v. State*, 257 Ga. 194, 196 (4) (357 SE2d 74) (1987). Compare *Bell v. State*, 263 Ga. 776 (439 SE2d 480)· (1994).

7. Appellant contends that, in two instances during the hearing on the motion for new trial, the trial court denied him an opportunity to perfect the record for appeal.

In one instance, the trial court, on direct examination of an officer, sustained the State's various objections to a line of questioning, including a hearsay objection. It appears that the officer was asked by appellant to testify from a written statement which had been given to him by a third party rather than from the officer's own personal knowledge and appellant makes no contention that the State's hearsay objection was erroneously sustained. The trial court "did not abuse [its] discretion in disallowing the proffer of proof of the hearsay testimony. . . ." *Castell v. State*, 252 Ga. 418, 420 (2) (314 SE2d 210) (1984).

In the other instance, the trial court excluded testimony from a witness on direct examination by sustaining the State's various objections thereto, including an objection that "it's too late now." It appears that the witness, who had testified at trial, was asked by appellant to impeach the trial testimony of various other trial witnesses. However, appellant failed to show that the witness' impeaching testimony was newly discovered. Moreover, testimony which is merely impeaching is irrelevant in the context of the hearing on a motion for new trial. *Stroud v. State*, 247 Ga. 395 (276 SE2d 597) (1981). The time for making a proffer of the witness' impeaching testimony was at trial, not at the hearing on the motion for new trial.

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 26, 1994 —
RECONSIDERATION DENIED DECEMBER 20, 1994.

Megan C. De Vorsey, for appellant.

Lewis R. Slaton, District Attorney, Carl P. Greenberg, Nancy A. Grace, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Assistant Attorney General, for appellee.