S96A0181. DAVIS v. THE STATE.
(471 SE2d 191)

</div>

BENHAM, Chief Justice.

Brian Anthony Davis brings this appeal from his conviction for murder.* The victim, Sapp, was found in a wooded area, shot to death, his body partially burned and with an electrical cord tied to an ankle and his neck. Witnesses testified that Davis, Jones, and Sapp went into the woods, but only Davis and Jones returned, and that both Jones and Davis, who was a juvenile, claimed to have done the shooting. According to witnesses, Davis took other juveniles to the scene after the shooting, urinated on the body, poured gasoline on it and lit it, and dragged it to a ditch by tying an electrical cord to the

---

[1] *Thompson v. Paulk*, 265 Ga. 479 (457 SE2d 665) (1995).

* The crime occurred on May 12, 1994. Davis was arrested on May 22, 1994, and was indicted for murder on August 19, 1994. He was reindicted on September 23, 1994, to add a co-defendant and additional counts of felony murder and aggravated assault. Trial commenced on January 10, 1995, and concluded on January 13 with a verdict finding Davis guilty on all counts. The trial court sentenced Davis to life imprisonment on that same day, the convictions on the other counts being vacated by vacating the felony murder and aggravated assault convictions by operation of OCGA § 16-1-7. A motion for new trial was filed on January 26, 1995, amended on March 13, 1995, and denied on August 14, 1995. Pursuant to a notice of appeal filed September 11, 1995, the record was transported to this Court where the appeal was docketed on October 27, 1995, and was submitted for a decision on the briefs on December 18, 1995.

body. Jones and Davis each testified in his own defense at their joint trial and implicated each other as the killer. Jones was acquitted and Davis was convicted and sentenced to life imprisonment.

1. Although Davis makes no issue on appeal regarding the sufficiency of the evidence to convict him, we have reviewed the record and conclude that the evidence at trial, set out in general terms above, was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Davis was guilty of murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During the testimony of a witness for the State, the prosecutor produced a statement the witness had earlier given in which he stated that Jones shot Sapp. Davis's complaint on appeal that the failure of the prosecution to reveal the statement before trial pursuant to his request[2] violated his rights under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), is unavailing: "[T]here is no '*Brady* violation where information sought becomes available to the accused at trial. [Cit.]' " *Stephens v. State*, 264 Ga. 761 (3) (450 SE2d 192) (1994).

3. In three enumerations of error, Davis attacks the trial court's denial of his motion to sever his trial from Jones's. The denial of the motion to sever was not error. Absent an abuse of discretion, the denial of a motion to sever the trial of co-indictees in a capital case in which the death penalty is not sought is not reversible error. *Chapman v. State*, 263 Ga. 393 (2) (435 SE2d 202) (1993). The existence of purported antagonistic defenses between two co-indictees is not sufficient to warrant the grant of a separate trial, absent a showing of harm. *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975). Davis has made no such showing. His complaint that he could not effectively impeach Jones has no merit: there is no reason to believe that he could have compelled Jones to testify for him at a separate trial, and the State's evidence was sufficient to convict Davis without testimony from Jones. Contrary to Davis's assertion on appeal, the trial court did not exclude evidence that Jones had a motive to kill Sapp because Sapp owed him a drug debt. Davis proffered the testimony and the trial court reserved a ruling until a more complete showing was made, but no further showing was made.

4. Davis complains that the trial court unfairly limited his impeachment of a witness by refusing to order the court reporter to read back the testimony the witness had just given. Whether the trial court will require the court reporter to read former testimony is a matter resting in its sound discretion. *Pass v. State*, 227 Ga. 730 (13)

---

[2] We note that the State's responsibility for revealing such statements has been broadened by OCGA § 17-16-1 et seq. See *Livingston v. State*, 266 Ga. 501 (467 SE2d 886) (1996).

(182 SE2d 779) (1971). Here, the trial court noted that the jury had just heard the testimony involved and could remember what had been said. We conclude that no abuse of discretion has been shown.

5. Davis enumerates as error the trial court's refusal to give curative instructions in response to what he characterizes as the State vouching for the credibility of its witnesses. The prosecuting attorney asked one of the State's witnesses whether he was telling the truth then or in an earlier contradictory statement, and asked another witness, who had testified that Jones claimed responsibility for the shooting, whether Davis had told the witness what "really happened." The latter question, considered in context, was plainly directed at eliciting Davis's version of the events as related to the witness, and did not amount to vouching for the witness's credibility. The first question came in the context of impeaching the witness by showing a contradictory statement. Although the question was not posed on cross-examination, it was asked in the course of impeaching the witness. The current state of the law permitting a party to impeach that party's own witnesses (see *Rollins v. State*, 262 Ga. 698, 699 (1) (425 SE2d 285) (1993)) makes applicable here the holding in *Loomis v. State*, 78 Ga. App. 153 (8) (51 SE2d 13) (1948), that it is proper to ask a witness confronted with contradictory testimony on which occasion the witness was telling the truth.

6. The record being devoid of any evidence that the killing was preceded by any serious provocation, the trial court did not err in refusing to give Davis's requested charge on voluntary manslaughter. *Gooch v. State*, 259 Ga. 301 (3) (379 SE2d 522) (1989).

7. Davis complains on appeal that the trial court erred in refusing to give Davis's requested charge on circumstantial evidence. The record reveals, however, that the language Davis contends should have been given in charge was not in a request concerning circumstantial evidence, but was included in a requested charge on presence at the scene of a crime. Furthermore, the request did not accurately track the law on circumstantial evidence. "The law requires that '[a] request to charge itself must be correct, legal, apt, and precisely adjusted to some principle involved in the case. If any portion of the request is inapt or incorrect, denial of the request is proper.' [Cit.]" *Walker v. State*, 213 Ga. App. 407 (8) (444 SE2d 824) (1994). The trial court did not err in refusing the request.

Alternatively, Davis contends that the trial court, even absent a request, was required to give a complete charge on circumstantial evidence in the language of OCGA § 24-4-6 because the State's case depended entirely upon circumstantial evidence. While Davis's statement of the law on this question is correct (see *Stubbs v. State*, 265 Ga. 883 (1) (463 SE2d 686) (1995)), his assessment of the evidence is not. Jones testified that he saw Davis shoot Sapp. That is direct evi-

dence, not circumstantial, and the trial court did not err in failing to charge on circumstantial evidence. Id., Division 2.

8. It is not improper for a prosecutor to appeal to the jury to convict for the safety of the community, or to stress the need for enforcement of the laws and to impress on the jury its responsibility in that regard. *Philmore v. State*, 263 Ga. 67 (3) (428 SE2d 329) (1993). The trial court did not err, therefore, in denying Davis's motion for mistrial grounded on the prosecuting attorney's argument to the jurors that they had a chance to do something about the crime problem in their city, state, and country.

9. Davis enumerates as error the conduct of his trial by a magistrate designated to sit as a superior court judge. He does not, however, suggest any irregularity in the appointment of the magistrate to conduct the trial, or any harm stemming from that appointment. "It is axiomatic that an appellant, in order to secure a reversal, must demonstrate not only error but harm. [Cit.]" *Griffin v. State*, 265 Ga. 552 (6) (458 SE2d 813) (1995). This enumeration of error, demonstrating neither error nor harm, is without merit.

10. By means of a motion to quash the indictment, Davis mounted a constitutional attack on OCGA § 15-11-5 (b) (2), which gives the superior courts exclusive jurisdiction over cases in which children 13 to 17 years of age are accused of, among other offenses, murder. In five enumerations of error, he contends the trial court erred in denying the motion.

Davis's arguments concerning due process, equal protection, and separation of powers are controlled adversely to him by this Court's decision in *Bishop v. State*, 265 Ga. 821 (462 SE2d 716) (1995). Left for consideration is his argument that the statute constitutes cruel and unusual punishment in violation of the constitutions of the United States and Georgia. Davis's argument on this issue does not address, however, the issue of punishment, much less the specific punishment given him, which is the proper issue in a constitutional attack on grounds of cruel and unusual punishment (*Lambeth v. State*, 257 Ga. 15, 17 (354 SE2d 144) (1987)). He argues instead that the statute is defective in failing to provide a mechanism for determining whether a particular child should be prosecuted as an adult. This argument is no more than a recasting of his equal protection and due process arguments. Since the argument does not go to the issues appropriately considered under the cruel and unusual punishment prohibitions, we find no error in the trial court's rejection of that ground for quashing the indictment.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 20, 1996 —
RECONSIDERATION DENIED JUNE 24, 1996.

*Viveca B. Famber,* for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Henry M. Newkirk, Assistant District Attorneys, Michael J. Bowers, Attorney General, Caroline W. Donaldson, Assistant Attorney General,* for appellee.