A00A0083. WOLLESEN v. STATE OF GEORGIA.
(529 SE2d 630)

McMURRAY, Presiding Judge.

In this case we must determine the sufficiency of a certificate issued by a court in a foreign state seeking to compel the appearance of a Georgia witness before a grand jury in the foreign state, as contemplated by the Uniform Act to Secure the Attendance of Witnesses from Without the State ("Uniform Act"), OCGA § 24-10-92. The Act provides in pertinent part:

> (a) If a judge of a court of record in any state which by its laws has made provision for commanding persons within that state to attend and testify in this state certifies under the seal of such court . . . that a grand jury investigation has commenced or is about to commence, that a person within this state is a material witness in such . . . grand jury investigation, and that his presence will be required for a specified number of days, upon presentation of such certificate to any judge of a court of record in the county in which the person is found, such judge shall fix a time and place for a hearing and shall make an order directing the witness to

appear at a time and place certain for the hearing. The witness shall at all times be entitled to counsel.

(b) If at a hearing the judge determines that the witness is material and necessary, that it will not cause undue hardship to the witness to be compelled to attend and testify in . . . the other state, and the laws of the state in which the . . . grand jury investigation has commenced or is about to commence, will give to him protection from arrest and the service of civil and criminal process, he shall issue a summons, with a copy of the certificate attached, directing the witness to attend and testify in the court where . . . a grand jury investigation has commenced or is about to commence, at a time and place specified in the summons. *In any such hearing the certificate shall be prima-facie evidence of all the facts stated therein.*

(Emphasis supplied.)

The statute also requires that the witness receive compensation for travel to the foreign state. Pursuant to Maryland's reciprocal act,[1] the Circuit Court for Montgomery County, Maryland, issued an order on July 7, 1999, requesting that the Superior Court of Cobb County order Leona M. Wollesen to appear before a grand jury in Maryland on July 22, 1999. Appended to the order was the state's motion for an order certifying Wollesen as a material witness, a supporting affidavit of the state's attorney, a subpoena duces tecum directing Wollesen to produce evidence of her financial transactions with her son, Woodrow D. Wollesen, from 1995 through 1998, and a certificate issued by the judge. The affidavit averred that Wollesen was an essential witness for the state.

In the certificate, the Maryland judge made a finding that Wollesen was a material witness in the grand jury investigation of her son. The certificate also provided for the witness's compensation and for her protection from all service of process while traveling to the court.

On July 9, 1999, the assistant state's attorney executed a supplemental affidavit, which was not appended to the certificate, setting forth the factual basis for Maryland's request to compel Wollesen's testimony and production of documents. The affidavit indicated as follows: Wollesen's son had been held in contempt in Maryland for failure to pay child support and had been ordered to pay his ex-wife proceeds of an individual retirement account ("IRA") totaling $16,000. Instead of complying with the order, Woodrow Wollesen

---

[1] Md. Courts Code Ann. § 9-302.

remitted the funds to his attorney, who deposited them in the registry of the State Court of Cobb County. Leona Wollesen sued her son, and the proceeds were disbursed to her. Woodrow Wollesen had testified at the contempt proceeding in Maryland that he owed his mother $85,000. According to the affidavit, Leona Wollesen's testimony is needed to determine the validity of any loans she may have made to her son and whether she directed him to send the IRA proceeds to Georgia.

On behalf of the State of Maryland, the Cobb County District Attorney filed a motion for a hearing pursuant to OCGA § 24-10-92 (b). The supplemental affidavit was filed in the Superior Court of Cobb County as an amendment to the motion. The superior court considered the certificate, the amendment and argument of counsel. Leona Wollesen did not testify, and no evidence was presented on her behalf. The superior court granted the state's motion, finding that Leona Wollesen was a material and necessary witness and that it would not cause her undue hardship to be compelled to attend, testify and produce evidence before the Maryland grand jury. Wollesen appeals. *Held*:

1. Wollesen argues that the certificate was not entitled to prima facie validity because it presented insufficient facts upon which the superior court could determine that she was a necessary and material witness. This argument lacks merit.

In the context of grand jury proceedings, we find no Georgia case prescribing the evidentiary sufficiency of the requesting state's certificate under OCGA § 24-10-92 (a). We note, however, that in affirming a Georgia court's refusal to certify an out-of-state witness as material in a trial in Georgia, this Court has held that

> the statute requires the presentation of enough facts to enable both the court in the demanding state and the court in the state to which the requisition is directed to determine whether the witness should be compelled to travel to a trial in a foreign jurisdiction.

*Chesser v. State*, 168 Ga. App. 195, 196 (308 SE2d 589); *Mafnas v. State*, 149 Ga. App. 286, 287 (254 SE2d 409).

In deciding what facts are enough to certify a person as a material witness in a grand jury proceeding, we derive guidance from our sister state of Florida, which has construed its similar statute[2] thusly:

> Since the certificate is in the words of the statute, we think

---

[2] Fla. Stat. § 942.02 (2) (1997).

that it is sufficient. It is usual for certificates of this type to follow the statute; (citations omitted) and inasmuch as the certificate is issued by a judge of the requesting state who has satisfied himself as to the sufficiency of the evidence or facts to establish the necessary conditions for the making of the certificate, it is not required that he give the basis of his decision in order to have a certificate that is prima facie good.

*Skakel v. State of Fla.*, 738 S2d 468, 471 (Fla. App.), quoting *Epstein v. People of the State of N. Y.*, 157 S2d 705, 707 (Fla. App.). Accord *In re State of Cal. for the County of Los Angeles &c.*, 57 Md. App. 804 (471 A2d 1141), cert. denied, *Rees v. County of Los Angeles*, 467 U. S. 1205 (104 SC 2388, 81 LE2d 346); *In re Rhode Island Grand Jury Subpoena*, 414 Mass. 104 (605 NE2d 840); *Ex Parte Armes*, 582 SW2d 434 (Tex. Crim. App.); *In the Matter of Failla*, 89 AD2d 923 (454 NYS2d 25).[3]

Further, in *Epstein*, supra, and *Skakel*, supra, the certificate of the requesting court had appended to it an affidavit of an assistant district attorney which detailed the reasons why the witness should be required to appear before a grand jury in the foreign state. So too, in the case sub judice, the supplemental affidavit of the assistant state's attorney set forth detailed facts in support of Maryland's request to compel Wollesen's appearance. Moreover, the certificate issued by the Maryland court tracked the wording of OCGA § 24-10-92 (a).

Therefore, the superior court was entitled to rely on the certificate, as well as the supplemental affidavit, as prima facie evidence of materiality and necessity. Wollesen had ample opportunity to rebut the prima facie case or provide evidence of undue hardship, which she failed to do. "It is logically the witness' burden to come forward with evidence of undue hardship, not the State's duty to negate the existence of undue hardship." *Ex Parte Armes*, supra at 439.

We reject Wollesen's reliance on *Chesser*, supra, and *Mafnas*, supra, for the proposition that she was not required to rebut the prima facie case or provide evidence of undue hardship. In those cases, this Court held that the defendants had presented insufficient evidence to justify summoning witnesses from without the state to testify at trial. This Court explained that "[t]he Act . . . is . . . a pro-

---

[3] In Illinois, the conclusion alone of a petitioning court that the witness sought is material and necessary is not entitled to prima facie evidentiary value. *New York v. Wagner*, 79 Ill. App. 3d 369 (398 NE2d 372). Similarly, in Vermont, the local judge must make independent findings on materiality, necessity, and undue hardship. *In re Stoddard*, 144 Vt. 6 (470 A2d 1185).

cess for obtaining a court order for the production of the witness, *who may also appear in the jurisdiction where he is found and convince the court to deny or quash it.*" (Emphasis supplied.) *Chesser*, supra at 196. In *Chesser* and *Mafnas*, the defendants were unable to convince the Georgia court that the witnesses were necessary and material. In the case sub judice, the assistant state's attorney in Maryland presented evidence sufficient to persuade the requesting court that Wollesen was essential to the grand jury's investigation. The local Georgia trial court found the facts similarly persuasive. Wollesen, having presented no evidence, failed to convince the superior court to deny the State's petition to grant Maryland's request.

2. She next argues that the supplemental affidavit was inadmissible because it did not comply with OCGA § 24-7-24, which provides the method for authenticating out-of-state court records. This argument must fail because the affidavit was not a court record.

Moreover, the admission of evidence in a hearing held to determine whether a witness who resides in Georgia should be compelled to testify before a grand jury in a foreign state is analogous to the admission of evidence at a grand jury proceeding.

> " 'It is an established rule of evidence in this State that, in a judicial trial in a court of law, where evidence is finally adjudicated and final judgments are rendered, ex parte affidavits are inadmissible, and their admission in such a case over proper objection constitutes reversible error.' (Cits.)" *Lanthripp v. Lang*, 103 Ga. App. 602, 605 (120 SE2d 59) (1961). However, the instant appeal is not "such a case." Here, we are concerned with proceedings before a grand jury, not the judicial trial of a case in a court of law.

(Emphasis omitted.) *In re Hall County Grand Jury Proceedings*, 175 Ga. App. 349, 351 (3) (333 SE2d 389).

The superior court did not abuse its discretion in considering the supplemental affidavit.

3. Finally, Wollesen contends that the Uniform Act does not authorize the issuance of a subpoena duces tecum. We disagree.

The majority of states which have considered this issue have ruled that the power to order a witness to travel to a foreign state for the purpose of testifying at a grand jury hearing implicitly encompasses the power to order the witness to produce relevant documents.[4] "Patently, the ability to compel [Wollesen], who apparently has possession of certain relevant, material evidence, to appear

---

[4] *Ex Parte Simmons*, 668 S2d 901; *In re Bick*, 82 Misc. 2d 1043 (372 NYS2d 447); *In re Saperstein*, 30 N. J. Super. 373 (104 A2d 842), cert. denied, 348 U. S. 874 (75 SC 110, 99 LE

before the grand jury, but the inability to compel the production of that evidence, borders on the absurd." *In re State of Cal. for the County of Los Angeles &c.*, supra at 816. "Indeed, the power to compel a witness to appear and the power to compel production of documents both are critical and fundamental to the evidence-gathering process. . . ." *Delit v. State of Fla.*, 583 S2d 1083, 1085.

We adopt the well-reasoned rulings of our sister states that the Uniform Act necessarily implies the authority to issue a subpoena duces tecum. The superior court did not err in ordering Wollesen to produce the requested documents.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 10, 2000.

*Charles S. Hunter*, for appellant.

*Patrick H. Head, District Attorney, Debra H. Bernes, Maria B. Golick, Assistant District Attorneys*, for appellee.

---

688); *State v. Harman*, 165 W. Va. 494 (270 SE2d 146); *Application of Grand Jury &c. of New York*, 8 Mass. App. Ct. 760 (397 NE2d 686).