## A09A1619. DAVENPORT v. THE STATE.

(693 SE2d 510)

PHIPPS, Judge.

Emily Davenport appeals her conviction for driving with an illegal alcohol concentration. The sole issue on appeal is whether the trial court abused its discretion in denying Davenport's motion for an order authorizing issuance of a subpoena to an out-of-state witness. We conclude that it did not and therefore affirm.

On October 12, 2007, Davenport was arrested for driving under the influence of alcohol. She was taken into custody and given a breath alcohol test, which indicated an alcohol concentration of 0.156 grams. She was then charged with driving under the influence of alcohol and failure to maintain her lane.

Davenport moved to require the state to produce the computer source code for the Intoxilyzer 5000, the breath testing machine utilized to obtain and test her breath sample. At a hearing on that motion, the parties stipulated that the state did not have the source code in its possession or control. Davenport also sought to discover the source code by requesting an order authorizing issuance of a subpoena to CMI, the Kentucky company that manufactures the Intoxilyzer 5000. The trial court denied Davenport's motion, concluding that the source code was not discoverable from the state and refusing to issue an order authorizing issuance of a subpoena to CMI.

The trial court relied on *Hills v. State*[1] to support its conclusion that the source code was not discoverable from the state. In that case, we held that the trial court had not abused its discretion in denying appellant's motion for discovery of the source code used to program the Intoxilyzer 5000 because appellant had failed to make a prima facie showing that the state had possession, custody or control of the source code.[2] Davenport does not challenge that basis for the trial court's ruling.

Instead, Davenport contends that she was entitled to an order authorizing issuance of a subpoena under The Uniform Act to Secure the Attendance of Witnesses from Without the State.[3] Under that Act,

> for a witness from another state to be summoned to testify in this state he must be a necessary and material witness, and a judge in the demanding state must set out and certify a showing of necessity and materiality for presentment to a

---

[1] 291 Ga. App. 873 (663 SE2d 265) (2008).

[2] Id. at 873-874.

[3] OCGA § 24-10-90 et seq.

judge of a court of record in the county in which the witness is found. The Act does not provide for the issuance of a subpoena, but is rather a process for obtaining a court order for the production of the witness, who may also appear in the jurisdiction where he is found and convince the court to deny or quash it.[4]

A party requesting the presence of an out-of-state witness does not have an absolute right to obtain the witness; the Act requires presentation of sufficient facts "to enable both the court in the demanding state and the court in the state to which the requisition is directed to determine whether the witness should be compelled to travel to a trial in a foreign jurisdiction."[5] The party seeking the witness has the burden of showing that the witness sought is a necessary and material witness to the case.[6] And under the Act, the decision whether to grant the process is within the trial judge's sound discretion.[7]

Davenport testified that she had suffered from asthma since she was a child. She sought to discover the source code for the Intoxilyzer 5000 to determine how and whether it adjusts its calculations for persons who suffer from asthma.

Davenport testified that she had not recently been treated for asthma, but did have a prescribed inhaler, which she kept in her purse. She had not used the inhaler on October 12. She also testified that although she had taken breath tests several years ago to measure her "vital capacity," she did not remember the results of those tests. Davenport testified that her asthma generally flared up after exercise or when she was upset. She testified and the videotape of the incident showed that she became upset after she was arrested and handcuffed and when she realized she was going to jail. At that point, she began crying. When Davenport submitted to the breath test, she was still upset and crying but had "decreased the amount of huffing and puffing" she had been doing. She testified that at some point during the test, she asked the officer administering it if someone could bring her inhaler to her because she was having trouble breathing.

Davenport offered no medical testimony about the impact her asthma condition had on her breathing capacity or about the status

---

[4] *Chesser v. State*, 168 Ga. App. 195, 196 (308 SE2d 589) (1983) (citations omitted). The Act also authorizes the issuance of a subpoena for the production of documents. *Wollesen v. State of Ga.*, 242 Ga. App. 317, 322 (3) (529 SE2d 630) (2000).

[5] *Mafnas v. State*, 149 Ga. App. 286, 287 (1) (254 SE2d 409) (1979) (citations omitted).

[6] Id. at 287-288.

[7] Id. at 288.

of her condition in October 2007. She did not show that any breathing difficulties she may have encountered before the breath test were related to her asthma condition. Thus, the trial court was authorized to find that she had not made a sufficient showing that evidence of adjustments made in the Intoxilyzer 5000 source code for asthma sufferers was material to her case.[8] The evidence presented could also have authorized the trial court to find that she had made a sufficient showing in this regard, but it does not demand such a finding.

Based on the particular facts of this case, we conclude the trial court did not abuse its discretion in refusing to issue an order authorizing issuance of a subpoena to CMI for purposes of obtaining the source code.[9]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 11, 2010 —
RECONSIDERATION DENIED APRIL 5, 2010 — 

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.
*Barry E. Morgan, Solicitor-General, Joseph W. Hudson, Assistant Solicitor-General*, for appellee.

---

[8] See generally *Eliopulos v. State*, 203 Ga. App. 262, 266 (2) (416 SE2d 745) (1992) (trial court did not abuse its discretion in refusing to compel attendance of the out-of-state witness where materiality of anticipated testimony was speculative).

[9] See *Chesser*, supra; *Mafnas*, supra.