## A09A1619. DAVENPORT v. THE STATE.

(722 SE2d 457)

PHIPPS, Presiding Judge.

Emily Davenport was convicted of driving under the influence of alcohol. In *Davenport v. State*,[1] she appealed from the conviction, challenging the trial court's denial of her motion for an order authorizing the issuance of a subpoena to an out-of-state witness.[2] In denying Davenport's motion, the trial court determined that the out-of-state witness's testimony was not necessary and material to the case.[3] We affirmed the judgment.[4]

The Supreme Court of Georgia vacated our judgment and remanded the case to us with direction.[5] The Court held that we erred in stating that Davenport was required to make a showing that the out-of-state witness was a "necessary and material" witness.[6] The Court explained that, under OCGA § 24-10-94, the Georgia trial court is required to "determine only whether the out-of-state witness is a 'material witness' in the Georgia criminal prosecution and whether it should issue the certificate requesting the out-of-state court to order the out-of-state witness to attend the criminal proceeding in Georgia."[7] Whether the witness is "necessary and material," the Court further explained, "is one of the determinations that must be made under OCGA § 24-10-92 (b) by the judge in the county where the out-of-state witness is located."[8]

Because the court below did not apply the proper statute in this case,[9] we remand the case for the court to apply the correct statute and revisit Davenport's motion for an order authorizing the issuance of the out-of-state subpoena.[10] If the trial court determines that the witness is a material witness, then it must consider whether it should have issued a certificate in this case and, if so, whether Davenport is entitled to a new trial or a new trial conditioned on the issuance by the out-of-state court of a subpoena to compel the appearance of the witness in Georgia.[11] If the trial court determines

---

[1] 303 Ga. App. 401 (693 SE2d 510) (2010).

[2] Id.

[3] The trial court expressly incorporated the reasoning and legal analysis set forth in the order in another case pending below, which order included the "necessary and material" statutory language.

[4] *Davenport*, supra at 403.

[5] *Davenport v. State*, 289 Ga. 399, 404 (711 SE2d 699) (2011).

[6] Id. at 402.

[7] Id.

[8] Id.

[9] See id. at 404.

[10] See *Spann v. State*, 310 Ga. App. 575, 576 (1) (713 SE2d 722) (2011).

[11] Id.; *DiMauro v. State*, 310 Ga. App. 526, 529 (2) (714 SE2d 105) (2011).

that no new trial is warranted, the judgment of conviction will stand affirmed, provided that Davenport may file a timely appeal from that determination.[12]

*Judgment affirmed on condition and case remanded with direction. Dillard and Boggs, JJ., concur.*

DECIDED JANUARY 27, 2012.

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.
*Barry E. Morgan, Solicitor-General, Joseph W. Hudson, Assistant Solicitor-General*, for appellee.

---

[12] See *Spann*, supra; *DiMauro*, supra.