**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**August 19, 2014**

# In the Court of Appeals of Georgia

A14A1095. DAVENPORT v. THE STATE.

McMILLIAN, Judge.

We briefly summarize the procedural and factual history in this case, which is set out more fully in *Davenport v. State*, 313 Ga. App. 745 (722 SE2d 457) (2012) ("*Davenport III*") and *Davenport v. State*, 303 Ga. App. 401 (693 SE2d 510) (2010) ("*Davenport I*").

Following her conviction for driving under the influence of alcohol per se, Davenport filed an appeal to this Court, arguing that the trial court erred by denying her motion for an order authorizing the issuance of a subpoena to an out-of-state witness under the provisions of the Uniform Act to Secure the Attendance of

Witnesses From Without the State.[1] We affirmed the trial court's denial of Davenport's motion, finding no error in the trial court's determination that the out-of-state witness was not "a necessary and material witness to the case." *Davenport I*, 303 Ga. App. at 402. However, our Supreme Court vacated our judgment and remanded to this Court with direction in *Davenport v. State*, 289 Ga. 399, 404 (711 SE2d 799) (2011) ("*Davenport II*"), and consistent with that opinion, we remanded Davenport's case to the trial court to "apply the correct statute and revisit Davenport's motion for an order authorizing the issuance of the out-of-state subpoena." *Davenport III*, 313 Ga. App. at 745. Following a hearing at which it was agreed that the trial court would render its decision based on the evidence previously admitted on this issue, the trial court once again denied Davenport's motion. Davenport filed a motion for reconsideration, arguing that the trial court failed to consider the constitutional challenges she raised in her original motion. The trial court denied Davenport's

---

[1] We note that at all relevant times here this section was codified at OCGA §§ 24-10-90 to 24-10-97, but effective January 2013, those provisions are now contained in OCGA §§ 24-13-90 to 24-13-97.

motion for reconsideration without elaboration, and Davenport timely filed the present appeal.[2] As more fully set forth below, we now affirm.

Davenport argues in her sole enumeration of error on appeal that "[t]he trial court erred by ruling that [she failed to] make a sufficient factual showing to justify the issuance of an out-of-state subpoena." However, Davenport does not present any argument in support of this enumeration and does not challenge the trial court's finding that the evidence Davenport presented to support a finding of materiality was "speculative." Thus, we deem this enumeration to be abandoned, and that portion of the trial court's order stands affirmed. See Court of Appeals Rule 25 (c) (2). Further, she does not appear to reassert the contention urged in her motion for reconsideration that the trial court in this case required a higher standard of proof than the standard set out by the Supreme Court in *Davenport II*, 289 Ga. at 400, except to mention in her "Statement of the Case" that she raised this issue in her motion for reconsideration.

---

[2] Davenport's motion for reconsideration did not extend the time for filing her notice of appeal, but Davenport's notice of appeal was timely because it was filed within 30 days of the trial court's order denying her motion for a certificate of materiality. See OCGA § 5-6-38 (a); *Davenport III*, 313 Ga. App. at 745-746 ("If the trial court determines that no new trial is warranted, the judgment of conviction will stand affirmed, provided that Davenport may file a timely appeal from that determination."); *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000).

Instead, Davenport argues that the refusal of the trial court to grant her a certificate of materiality violated her confrontation, due process and compulsory process rights, thereby depriving her of her right to a fair trial. However, "[i]n light of the fact that the trial court properly exercised its discretion under former OCGA § 24-10-94 (a) in finding that the out-of-state witness was not a 'material witness,' [Davenport]'s argument that [she] was denied [her] right to compulsory process is entirely without merit." *Cronkite v. State*, 293 Ga. 476, 479, n. 4 (745 SE2d 591) (2013). See also *Davenport II*, 289 Ga. at 400-401; *Phillips v. State*, 324 Ga. App. 728, 732-733 (751 SE2d 526) (2013). Likewise, Davenport's contention that her Confrontation Clause rights have been violated has also been decided against her. *Phillips*, 324 Ga. App. at 733. Further, to the extent this argument can be construed as constituting an attack on the constitutionality of the Uniform Act, we are precluded from reviewing this contention because the trial court did not specifically rule on this issue. *Young v. State*, 324 Ga. App. 127, 132 (2) (749 SE2d 423) (2013). Accordingly, the trial court's order is affirmed.

*Judgment affirmed. Phipps, C. J., and Ellington, P. J., concur.*

4