29894.  EVANS *et al. v.* STATE OF GEORGIA.

DECIDED MARCH 19, 1943.

H. A. Allen, Morgan S. Belser, Hal Lindsay, Howard, Tiller & Howard, for plaintiffs in error.

John A. Boykin, solicitor-General, James A. Branch, E. A. Stephens, contra.

MacINTYRE, J. Constitutional courts have the inherent power to fine and punish contempt, and this authority is not limited by the Code, § 24-105. *Bradley* v. *State,* 111 *Ga.* 168 (36 S. E. 630, 50 L. R. A. 691, 78 Am. St. R. 157); *Cobb* v. *State,* 187 *Ga.* 448 (200 S. E. 796, 121 A. L. R. 210). And the inherent power of the courts should never be impaired or destroyed to such an extent that they can not exercise a power necessary to their proper functioning. Mrs. Vines, upon whom were served the subpœnas requiring her to appear and bring into court the certain papers desired to be used as evidence, in filing her motions to quash and obtaining the orders thereon, invoked the jurisdiction of the court concerning these documents. It was then for the court to decide

whether the documents, or any of them, called for in the subpœnas, were to be produced, and what jurisdiction the court had of them; and neither Mrs. Vines nor any one else who had knowledge of the facts at this stage of the proceedings had any right to withdraw the documents from the jurisdiction of the court, and thus defeat or make nugatory the court's coming decree.

The legality of the subpœna duces tecum was not attacked by Mrs. Vines on the ground that the clerk signed them in blank, to be filled out by the solicitor-general, or some one acting for him, before they were served on her; but on the contrary she appeared and submitted to the jurisdiction of the court for it to determine matters other than the manner of issuing the subpœnas as above indicated. It would be a useless and a vain thing for the court to pass on the question whether the documents should be produced and introduced in evidence, if Mrs. Vines, or the Evanses, or any of them, could conceal or destroy the documents which would be the subject-matter of the court's decision. We think the documents were in gremio legis, which is defined in Black's Law Dictionary, 3d ed., as being "in the bosom of the law; in protection of the law; in abeyance." "The power to punish for contempts is inherent in every court of justice. It is absolutely necessary that a court should possess this power, in order that it may carry on the administration of justice and preserve order and decorum in the court. As far as we can ascertain, this power has existed since courts were first established. Judge Wilmot, in 1795, in a treatise upon the subject, said he had been unable to find where it was first exercised, but in his opinion it was as old as the courts themselves. All the courts in their decisions, and all the text-writers, lay down the same doctrine,—that this power is necessary to all courts and is inherent in them." *Bradley* v. *State,* supra. Such power is necessary for the self-preservation of the courts.

Where the evidence showed that the deputy clerk signed the subpœnas in question, and the solicitor-general or some one acting for him filled in the blanks therein, and the subpœnas when served on Mrs. Vines were directed to her and stated the case or cases in which she was required to produce the documentary evidence, leaving out of view the technical defenses stated above, the testimony clearly showed that Mr. and Mrs. Evans were guilty, and that the Evanses as well as Mrs. Vines knew the case in which the docu-

ments were wanted as evidence and were sought to be brought before the grand jury by said subpœnas. Under such a statement of facts the court is not inclined to give technical objections any more weight than they are entitled to strictissimi juris. Scott *v.* State, 109 Tenn. 390 (71 S. W. 824). Whatever weight they may be entitled to if relied on by Mrs. Vines, a witness who was being proceeded against for a failure to produce the documents, we think they should be given no weight at all when brought forward as defenses by persons being proceeded against for wilfully removing, concealing, or disposing of the documents sought to be introduced in evidence, when it appears, as in the instant case, that Mrs. Vines, the witness herself, recognized the validity of subpœnas as to the manner in which they had been issued.

The plaintiffs in error rely strongly on *Dobbs* v. *State, 55 Ga.* 272; but that case is differentiated by its facts from the instant case, for in that case the subpœna never at any time stated any case in which the witness's testimony was to be used. The subpœna called on the witness to be and appear at a named court to testify in the case of "State *v.* ————." The court held that this was not a subpœna for a witness to testify in any case pending in that court; and that it was not a valid process on which to predicate a rule for contempt, in that a subpœna should show in what case or proceeding it is issued. 70 C. J. 46. Whereas, in the instant case, the subpœnas when served on Mrs. Vines were directed to her, and stated the case in which the documents were sought to be brought into court and used as evidence, thus showing in what proceeding the matter was pending. In short, the subpœnas, when served on Mrs. Vines, appeared to be regular on their faces, and the evidence authorized a finding that Mrs. Vines and Mr. and Mrs. Evans all knew the court proceeding in which the documents were sought to be produced and used as evidence. *Rucker* v. *Tabor, 126 Ga.* 132 (4), 135 (54 S. E. 959). It was contempt of court where such proceeding was pending, as above stated, for Mr. and Mrs. Evans to wilfully and knowingly destroy, remove, or conceal the documents, the subject of the proceeding then pending in the court, which acts may render nugatory the decision of the court in the pending proceeding, even if the proceeding is one where the court eventually determines that there is a want of jurisdiction. Merrimack River Savings Bank *v.* Clay Cen-

182

ter, 219 U. S. 527, 529 (31 Sup. Ct. 295, 55 L. ed. 320, Ann. Cas. 1912A, 513); Lamb v. Cramer, 285 U. S. 217 (52 Sup. Ct. 315, 76 L. ed. 715); United States v. Shipp, 203 U. S. 563 (27 Sup. Ct. 165, 51 L. ed. 319, 8 Ann. Cas. 265); Clay v. Waters, 178 Fed. 385 (21 Ann. Cas. 897).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*