34023.  CRUTE *v.* CRUTE *et al.*

Decided May 6, 1952.

*O. C. Hancock, D. W. Rolader*, for plaintiff in error.

*Paul Webb, Solicitor-General, Charlie O. Murphy*, contra.

GARDNER, P. J. The sole question for determination is whether or not the trial judge abused his discretion in adjudging the plaintiff below (plaintiff in error here) in contempt of court. The plaintiff was on the witness stand and being questioned as to his financial worth and ability, this being a suit for divorce in which the wife had filed her cross-action asking that the plaintiff. be required to pay alimony. The witness was before the court and his manner on the stand was observed by the judge; and whether or not the witness so conducted himself relative to questions ·concerning his financial worth and his records and books showing this as to justify the court adjudging him in contempt, was all for the trial judge to determine. Under the record before this court, it was not an abuse of discretion for the trial judge to adjudge the plaintiff in contempt, and this being true, this court will not undertake to control the judgment of the court in this respect. The trial judge was justified in finding that the plaintiff, upon being

examined as to his financial worth, property, books and records, sought to evade the questions and did not answer responsively and sought to conceal the truth from the court and jury and to mislead them; and the court was authorized to find that the plaintiff was not telling the truth as to having searched diligently for certain records, which he had been called upon by the defendant to produce, particularly when within 15 minutes after he had been excused from the witness stand, he returned with the cash book. The ruling of the trial judge, that the plaintiff was either "testifying falsely that he had diligently searched, or was deliberately attempting to mislead the court and conceal from the court evidence in the case," was not entirely without foundation; and, this being so, it cannot be said as a matter of law that the trial judge abused his discretion in the rendition of the judgment now complained of.

The court had power to punish for contempt. Code, §§ 24-104, 24-105. While it is true that criminal contempt involves some disrespectful or contumacious conduct towards the court (*Vines* v. *State*, 69 *Ga. App.* 175, 24 S. E. 2d, 864), a witness who is seeking to conceal the truth and to give evasive answers or to falsify and mislead the court certainly is not acting respectfully to the court and his conduct is reprehensible. See *Phelps* v. *State*, 80 *Ga. App.* 544 (56 S. E. 2d, 837). See also Code § 24-2615; *Hancock* v. *Kennedy*, 22 *Ga. App.* 144 (95 S. E. 735).

"The discretion of the judges of the superior courts in all matters pertaining to contempt of their authority and mandates will never be controlled unless grossly abused." *Hayden* v. *Phinizy*, 67 *Ga.* 758, 760; *Howard* v. *Durand*, 36 *Ga.* 346(2) (91 Am. D. 767). Such decision is final unless there is something in the decision of the court to show a most flagrant abuse of discretion on the court's part. *Cabot* v. *Yarbrough*, 27 *Ga.* 476, 478; *Beebe* v. *Smith*, 76 *Ga. App.* 391, 409 (46 S. E. 2d, 212). So, in *Evans* v. *State*, 69 *Ga. App.* 178 (24 S. E. 2d, 861), this court held that "it is contempt of court to remove, conceal, or destroy, for the purpose of defeating the court's jurisdiction, documents which are known to be the subject matter of proceedings pending before the court."

The plaintiff was not held in contempt for his failure to pro-

duce records in response to the notice to produce, but for his conduct on the witness stand in the presence of the judge. The trial judge was certainly the one best qualified to determine whether or not the plaintiff, as a witness, placed himself in contempt. The judge hears the testimony, sees the witness, and observes his conduct, demeanor, and attitude on the stand and before the court, which this court can not do.

Applying the above to the facts in the record, there was no such abuse of discretion here as to authorize the setting aside of the judgment adjudging the plaintiff in contempt as being contrary to law or to the evidence.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*