37771. JONES *v.* STATE OF GEORGIA.

DECIDED JULY 14, 1959.

*William Hall, Moise, Post & Gardner, Allen Post,* for plaintiff in error.

*Paul Webb, Solicitor-General, A. Paul Cadenhead, Eugene L. Tiller,* contra.

TOWNSEND, Judge. ■ ■ In Wilson *v.* United States, 221 U.S. 361, 374 (31 S. Ct. 538, 55 L. Ed. 771) it is stated: "Where the documents of a corporation are sought the practice has been to subpoena the officer who has them in his custody. But there would seem to be no reason why the subpoena duces tecum should not be directed to the corporation itself. Corporate existence implies amenability to legal process. . . Possessing the privileges of a legal entity, and having records, books and papers, it is under a duty to produce them when they may properly be required in the administration of justice." Code § 22-101 specifies that a corporation is an artificial person created by law for specific purposes. Code § 38-901 provides as follows: "When any deed, writing, or other document which it may be necessary to use as evidence in any cause may be in the possession of any person resident in this State who is not a party to the cause, the clerk of the court, or justice of the peace, in which the cause is pending, shall, upon application of the party or his attorney desirous of using such testimony, issue a subpoena duces tecum, directed to the person having such book or other document in his possession, requiring him to appear and bring with him into court the paper desired to be used as testimony." It was accordingly proper in this case to issue a subpoena directed simply to "Quality Supply Company, Inc." and to have it served upon Hugh A. Miller, general manager of such corporation. The documents called for being in the possession of Mr. Miller at the time, it was his duty to respond to the subpoena duces tecum and produce them before the Fulton County grand jury on April 7, 1959, unless he desired to test the validity and sufficiency of the subpoena duces tecum by legal means.

■ This being the case, as alleged in the citation for contempt, interference by a third party in ordering Mr. Miller to turn the documents over to him for the purpose of concealing, destroying, or otherwise withholding the information therein contained from the grand jury would be an act of contempt which the court would be well authorized to punish. The case made by the allegations of the petition for attachment for contempt puts it under the rule of *Evans* v. *State,* 69 *Ga. App.* 178 (24 S. E. 2d 861). There certain corporate records were called

for in a subpoena duces tecum which was served upon the person who had the documents in her possession and who was the bookkeeper and a partner of the corporations involved. While she was out of the office, and before she had responded to the subpoena, two other persons concerned in the corporation without her knowledge or consent removed and sequestered the documents so that they were unavailable for production. This was held to be a contempt which the trial court was well within its rights in punishing. The same situation appears here, from the allegations of the citation, and the court did not err in overruling the general demurrer. The allegations that the defendant had previously been served with some other subpoena duces tecum the contents of which is not disclosed, and that he had resisted the same, adds nothing to the petition here and must be treated as surplusage.

■ However, on the hearing the evidence showed without dispute the following: Quality Supply Company, Inc., is a small corporation; Hugh A. Miller is generally in charge of its affairs, but the defendant Jones is the president and owner and Miller is subject to his direction and control; a subpoena duces tecum was prepared in duplicate addressed merely to Quality Supply Company, Inc., calling for the production of the identical records on the identical hearing at the identical date; the original subpoena was served on Jones as president and the copy was served upon Miller. The papers were accordingly in the actual possession of Miller but in the constructive possession of Jones. Each man had an equal obligation to produce the papers, and so long as they were produced by either, neither could be penalized for a failure to produce them. Jones went to Miller's home on the evening before the hearing and stated to him that he was the president and person in charge of the corporation and would take the papers as he was the one to present them. Jones did appear before the grand jury with the documents in question and made a motion to quash the subpoena duces tecum on grounds of self-crimination. On April 9, the court set the motion to quash for hearing, the order containing the following: "In the meantime and until further order of the court, movant is relieved from complying with said subpoena duces tecum and

accompanying order." On April 13, 1959, the motion to quash was denied, the contempt hearing held, the defendant adjudged in contempt of court, and the documents actually turned over to the court on the same day.

It thus appears from the evidence that the defendant had a good defense to the contempt citation. He was not, as was Evans (69 *Ga. App.* 178, supra), an interloper who interfered and sequestered records, but the president and owner of the corporation to which the subpoena was directed, and a person upon whom it had been served. He was at least equally with Miller responsible for the production of the records before the grand jury. He had a right absolutely equal with Miller under these conditions to their possession. He also had the right which is given by our laws to every litigant and every witness in every judicial matter pending within this State to test the legality of an order of court calling upon him to do something —in this case, to produce documents of a corporation of which he was the president and alter ego. He invoked a ruling of the court as to whether his personal plea of self-incrimination would avail, the records being those of the corporation and not personal to him, and, upon the court ruling against him, he surrendered the documents. To deny a litigant or witness the right, on pain of punishment for contempt, to test the sufficiency of the process would be contrary to every known principle of jurisprudence. The State, having served Jones with a subpoena duces tecum, cannot complain that he procured the records, even though from another whose duty it also was to produce them, nor can it complain that, having done so, he filed a motion to quash the subpoena and awaited a ruling of the court thereon before complying. As a matter of fact, the rule nisi itself authorized him to await the decision of the court before taking further action in the matter. "No man is a trespasser for doing an act which the law makes it his duty to do." *Williams* v. *Inman,* 1 *Ga. App.* 321, 324 (57 S. E. 1009).

The trial court did not err in overruling the demurrer to the petition, but erred in adjudging the defendant in contempt of court.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*