## (March 21, 1960)

■ In the Matter of STATE OF WASHINGTON, Respondent, against ROBERT E. HARVEY, Appellant.

APPEAL from an order of the Court of General Sessions, New York County, entered February 26, 1960, which granted a motion by respondent for an order directing appellant to appear before a Grand Jury of Grant County, State of Washington, with certain records, on March 21, 1960.

MEMORANDUM BY THE COURT. Order directing the witness appellant to appear before a Grand Jury of Grant County, State of Washington, affirmed. Because this is a proceeding in the nature of a criminal proceeding, the appealability of the order is gravely doubtful (*People* v. *Doe* [*Bernoff*], 261 App. Div. 504; *People* v. *Doe* [*Rubenstein*], 259 App. Div. 921; *Matter of Wainwright*, 273 App. Div. 1059; see, also, *Matter of Ryan* [*Hogan*], 306 N. Y. 11, 16 *et seq.*). However, this court on two prior occasions has entertained appeals under section 618-a of the Code of Criminal Procedure, as distinguished from proceedings under section 618-b, without the present question of appealability having been raised (*Matter of Stamler*, 279 App. Div. 908; *Commonwealth of Massachusetts* v. *Klaus*, 145 App. Div. 798). On this state of the law, and because of the urgency stemming from the running of the Statutes of Limitation in the State of Washington, in which State there is being investigated alleged

briberies of public officials, the court has entertained jurisdiction of the appeal rather than consider the difficult question of appealability and whether the appeal should be dismissed. On the record it is found that the witness is a material and necessary one, at least for purposes of a Grand Jury inquiry. The assertion by him that he has no personal knowledge of the facts, even if true, does not, on this record, form a basis for avoiding the inquiry. The Grand Jury, as an inquisitorial body, is not so easily frustrated in its inquiry. Assuming that there were some deficiency in the form of the order, this court could and would correct it. It is found, however, that the order is just sufficient, since the statute requires no more than the issuance of a subpœna once the Judge has determined at a hearing, among other things, that the witness is material and necessary. Similarly, there is no problem as to the production of books as the statute authorizes such production (see *Matter of Saperstein,* 30 N. J. Super. 373; Code Crim. Pro., § 618-a, subd. 5). Whether the witness has the power or authority to produce the books and records as well as any questions of privilege are matters to be raised and determined in the State of Washington.

M. M. FRANK, J. (dissenting). This is an appeal from an order (more properly called a direction for the issuance of a subpœna) directing the appellant to appear, with certain records, before the Grand Jury of Grant County, State of Washington.

This proceeding was taken pursuant to section 618-a of the Code of Criminal Procedure, also known as the "Uniform Act to Secure the Attendance of Witnesses from without A State in Criminal Proceedings."

I quite agree with the majority that there is doubt concerning the right to appeal from the determination of the Court of General Sessions, and am in accord that we take jurisdiction under the circumstances here. I dó not agree, however, that we should affirm.

It is the duty of all the courts of this State to construe section 618-a liberally, and it is appropriate and essential that the judiciary cooperate with the courts of sister States in their efforts to enforce their criminal laws, to the end that malefactors are successfully prosecuted. That obligation and purpose, however, may not be permitted to transcend the civil rights of a citizen of this or any other State by compelling him, under penalty of incarceration, to appear in another jurisdiction, unless there is clear proof that there has been full and proper compliance with the statutory mandate.

It appears that since 1958, the Grand Jury has been conducting an investigation into the alleged payment of money, gifts, and gratuities to public officials in the State of Washington.

The record before us, meager as it is, discloses several important facts. The appellant is the president of Merritt-Chapman & Scott, a corporation listed on the stock exchange and engaged in vast business activities across the country and in other parts of the world. It has 10 operating divisions and subsidiaries. In July, 1956, Merritt-Chapman, after public bidding, was awarded a contract to build the Priest Rapids Dam and Powerhouse at a cost of about $91,000,000. Substantial parts of that contract (as is usual in large-scale construction) were subcontracted to others, two of which were McLean Engineering Corporation and Lynch-McClintock. One of these employed a lawyer who also did some legal work for Merritt-Chapman.

The appellant, who had been employed by a subsidiary of Merritt-Chapman which had nothing to do with the project in question, became a vice-president of the parent corporation in 1955. When he became president does not appear but it is a fair inference that it was after the project in Washington was under

way. The men in charge of that construction have heretofore appeared and testified before the Grand Jury.

The certificate issued out of the Superior Court of the State of Washington recites that the presence of the appellant in that State "is materially necessary". It is important to note, insofar as this record reveals, that no certificate and no subpœna have been issued directed to Merritt-Chapman requiring it to produce its corporate records.

Section 618-a requires the appropriate court in this State, upon presentation of such a certificate from the demanding State, to hold a hearing to determine that the witness is in fact material and necessary. The certificate, as I view it, is merely prima facie proof of that fact. It is not conclusive and is subject to rebuttal.

In a hearing before the court of the demanding State, the local prosecutor, Mr. Klasen, stated: "We are not particular[ly] inclined to go into the evidence before the grand jury * * * we could set forth in the affidavit things that we think are real material, but we are not inclined at this time to make public certain developments before the Grand Jury."

It seems that the employees of Merritt-Chapman who had testified before the Grand Jury were either unable or unwilling to supply that body with the information it desired. The prosecutor thereupon told the Washington court, " it is impossible for this Grand Jury, your Honor, to require all of the higher echelon of Merritt-Chapman & Scott to come back here one by one to that Grand Jury's room. ' The thought was to get the President, tell him what they want and he has control, he can have the information available to him. He can tell us what — give the answers to the questions the Grand Jury desires to have.' "

It is apparent from the foregoing that the certificate was issued by the court on a bare statement that the appellant was a material and necessary witness and not upon proof to establish that fact. In *Matter of Stamler* (279 App. Div. 908) this court held the subpœna-order issued out of a court in New Jersey was insufficient because the order did not state that the testimony of the witness was material. The court stated that it was not necessary in that case to determine whether a mere statement that the witness was material would suffice. By a parity of reasoning, it is a fair conclusion that an order that contains the recital that the witness is a material witness, as here, without any proof in the record to justify that finding is equally insufficient.

There can be no doubt that the appearance of the witness was sought not for evidence which he could give, but to pressure or compel him to obtain the information, if it exists, for the inquisitorial body, although, he, himself, had no personal knowledge of the facts. That is not the end of the situation, however, for a hearing was held by the Court of General Sessions. The appellant was examined at some length by Mr. Klasen, without having been sworn. In addition, in an affidavit filed in the proceedings, the appellant affirmed that he had no personal knowledge of the details of the project but named those who did.

The statement made in General Sessions by the New York County Assistant District Attorney who aided the prosecutor from Washington, is of vital significance. He said: "Two points struck me in the matter: All through the oral arguments and in the brief submitted we constantly stressed that Mr. Harvey was not being subpœnaed in his person, but rather as President of the Corporation, and the Prosecuting Attorney of Grant County and our office recognized that he had no personal knowledge of the transactions on which he was to be questioned."

It thus becomes crystal clear not alone that there was a failure to establish that the appellant was a material and necessary witness, but that the presumption arising from the certificate issued by the court of the demanding State was overcome, and a finding to that effect should have been made. General Sessions made no finding that the witness was material and necessary, and, in my view, no inference can be drawn that such a finding is implicit in its order.

I have no doubt that a subpœna *duces tecum* as distinguished from a subpœna *ad testificandum* may properly issue under section 618-a, and I quite agree that we may accept and follow *Matter of Saperstein* (30 N. J. Super. 373) as authority for that general proposition. However, *Saperstein* does not meet the question posed here, for it involved the production of the personal records of the witness. The question of the production of corporate records was not involved.

Both the certificate and the order direct that the witness produce " all information, evidence, books, records, papers, cancelled checks, bank account records, records of payments, correspondence, office memoranda and other documents *of the Merritt-Chapman & Scott Corp.*" (emphasis supplied).

What is required, therefore, are not the personal records of the witness but the records of the corporation.

At the trial in General Sessions the witness was pressed to waive, on behalf of the corporation, its privilege, if any, imposed on the attorney who represented Merritt-Chapman and some of the subcontractors. He refused. Both the certificate and the order appealed from direct the production by this witness, as an individual, of voluminous corporate books and papers. From the papers before us, it is a fair conclusion, that if the appellant produced those records and waived the corporate privilege, his presence would not be required. There is not a scintilla of proof that the appellant had the power or authorization on behalf of Merritt-Chapman to release counsel from his professional obligation.

There is no proof in the record that the corporate papers are in the custody of the appellant, or that he has the power or authority to produce the corporate records. There is no showing that the State of Washington has any statutory provision or decisional authority for the production of corporate records by named individuals without the issuance of a subpœna directed to the corporation. In the absence of such proof, there would be no right to require extraterritorially that which may be impermissible within the borders of the demanding State.

Under the circumstances, I must dissent, and vote to reverse the order of the Court of General Sessions and dismiss the application.

Breitel, J. P., Rabin, McNally and Stevens, JJ., concur in Memorandum; M. M. Frank, J., dissents and votes to reverse the order of the Court of General Sessions and dismiss the application, in opinion.

Order directing the witness appellant to appear before a Grand Jury of Grant County, State of Washington, affirmed.