**The READER'S DIGEST ASSOCIATION, INC., Relator,**

v.

**The Honorable Lee Ann DAUPHINOT, Respondent.**

No. 02–90–197–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 30, 1990.

Jackson & Walker, Robert P. Latham, Frank C. Vecella, Dallas, Jackson & Walker, Albon O. Head, Jr., Fort Worth, relator.

Lee Ann Dauphinot, Fort Worth, pro se.

George B. Mackey, Fort Worth, for real party in interest.

Before LATTIMORE, MEYERS and DAY, JJ.

ORIGINAL PROCEEDING

LATTIMORE, Justice.

Our original opinion delivered on August 24, 1990 is withdrawn and the following opinion is substituted in its place.

In this original proceeding, The Reader's Digest Association, Inc., relator, seeks relief from the *Order Denying In Part Motion To Quash Subpoena* issued by Respondent, Honorable Lee Ann Dauphinot in a cause, styled *The State of Texas vs. Ark James Price*, pending in Criminal District Court Number Two of Tarrant County. The real party in interest is the defendant in that cause.

The subpoena duces tecum under attack names the witness as "Reader's Digest Association, Inc. Publisher," admittedly a foreign corporation, and directs service upon "its registered agent Prentice Hall Corporate System, 807 Brazos, Austin, Texas 78701." It further provides as follows:

> And the said witness is further directed to bring with him and produce in Court the following instrument or instruments in writing ... Any and all handwritten, typewritten, audio recorded statements of ANI ALLOJU as taken by Deborah Morris for the March 1990 Reader's Digest article entitled "They're Going to Kill Me."

The record before us indicates that Ani Alloju is the alleged injured party in the indictment against Price, and that Alloju was interviewed by Deborah Morris, a freelance reporter, for the article which appeared in the March issue of The Reader's Digest. Although it is not specifically shown, the article ostensibly reveals information regarding the transaction upon which Price is being prosecuted. Pertinent parts of respondent's order entered after the hearing on relator's motion to quash are the following:

> The Court finds beyond a reasonable doubt that proper service of the subpoena has been had on Reader's Digest, through its registered agent in Texas, and that Reader's Digest has been properly served to appear in this Court and to

produce the records called for by the subpoena.

While relator asserts a number of grounds for relief, we address only that which we deem to be dispositive of this action. There, it is claimed the subpoena is invalid because it was not properly issued in accordance with the Uniform Act to Secure Attendance of Witnesses From Without State, TEX.CODE CRIM.PROC.ANN. art. 24.28 (Vernon 1989). The procedure employed in that statute is initiated by a certificate of the trial court that a person in another State is a material witness in a pending prosecution and specifying the number of days the witness will be required. Upon the presentation of such certificate to any judge of a court of record in the witness's county, that judge conducts a hearing to determine (a) the witness is material and necessary, (b) the witness will not be caused undue hardship, and (c) that the witness will be protected from arrest or service of civil or criminal process. That judge then issues a summons directing the witness to appear and testify in the court where the prosecution is pending. The witness is then tendered the compensation authorized by law for nonresident witnesses.

■ Both the real party in interest and the respondent argue that article 24.28 applies only to "persons who truly have no contact with the State of Texas" and state that relator "has more than significant contact with Texas through its business dealings because its employees and agents reside in Texas and conduct its corporate business on a daily basis." This argument is not supported by citation to any authority, nor do we know of any. To the contrary, chapter twenty-four of the Texas Code of Criminal Procedure, entitled "Subpoena and Attachment" contains all relevant statutes governing the subject, which we consider clear and binding upon us in the resolution of this dispute. Assuming arguendo that a corporation can properly be subpoenaed as a witness, which question is not before us, we hold that the proper procedure provided by law in this case for the summoning of a witness from another State to testify in a criminal proceeding in this State is through compliance with article 24.28. Consequently, the subpoena before us issued without authority in law, and upon relator's application, should have been quashed.

■ "The writ may issue in some instances to compel the entry of a judgment, but it will not be issued to compel the entry of a specified type of judgment ... [unless] ... that judgment is the only proper one that can be rendered in the circumstances...." *Ordunez v. Bean,* 579 S.W.2d 911, 913 (Tex.Crim.App.1979) (quoting *State ex rel. Vance v. Routt,* 571 S.W.2d 903, 907 (Tex.Crim.App. [Panel Op.] 1978)). In cases where there is only one proper judgment to be made, the entry of such judgment is, in essence, a mere ministerial act. *Id.* Before issuing a writ of mandamus, a court of appeals is required to find that a relator has no other adequate remedy and that he is seeking to compel a ministerial act. *Dickens v. Court of Appeals, 2nd Sup. Jud. Dist.,* 727 S.W.2d 542, 550 (Tex.Crim.App.1987). Under the facts before us, we find that Reader's Digest Association, Inc. has no other adequate remedy, is seeking to compel a ministerial act, and is entitled to the relief sought.

A writ of mandamus will issue, directing the respondent judge to vacate and set aside the order under consideration and to enter an order quashing the invalid subpoena.