A09A1786. YEARY v. THE STATE.
(690 SE2d 901)

ANDREWS, Presiding Judge.

Lisa Ann Yeary was found guilty in a bench trial of driving with an alcohol concentration in excess of 0.08 grams in violation of OCGA § 40-6-391 (a) (5). Yeary's conviction was based in part on evidence that she consented to a state-administered chemical breath test on an Intoxilyzer 5000 machine which showed that she had an unlawful alcohol concentration of 0.179 grams. Yeary claims her conviction should be reversed because the trial court erroneously denied her pre-trial motion seeking a ruling that the "source code"

---

used to program the software in the Intoxilyzer 5000 machine on which she was tested was evidence relevant to her defense. For the following reasons, we find no error and affirm.

1. The stipulated evidence at the bench trial showed the following: A police officer made a lawful traffic stop of the automobile Yeary was driving and detected the odor of alcohol on Yeary's breath. Yeary failed to successfully complete field sobriety tests and registered positive for alcohol on a preliminary breath-screening device. The officer arrested Yeary for driving under the influence, read her implied consent rights, and obtained her consent to take a State-administered chemical test of her breath to determine her alcohol concentration. The breath test was administered on an Intoxilyzer 5000 machine approved for this purpose by the Division of Forensic Sciences of the Georgia Bureau of Investigation and operated by an officer certified by the Division to operate the machine. To carry its burden to show that the machine was operated with all its electronic and operating components attached and in good working order, the State produced certificates of inspections conducted on the machine before and after the test, and the testimony of the operator that the machine was operating properly when the test was conducted. *Young v. State*, 275 Ga. 309, 310 (565 SE2d 814) (2002); OCGA § 40-6-392 (a) (1) (A), (f). The machine produced test results showing that Yeary had an alcohol concentration of 0.179 grams. The evidence was sufficient for the trial court to find beyond a reasonable doubt that Yeary was guilty of driving her automobile with an unlawful alcohol concentration in violation of OCGA § 40-6-391 (a) (5). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Prior to trial, Yeary filed a motion which sought a ruling from the trial court that the source code for the Intoxilyzer 5000 machine on which her breath was tested was evidence relevant to her defense. The written motion initially alleged that the source code was in possession of the state of Georgia and sought to compel production of the source code for inspection. Yeary subsequently amended the motion by alleging that the source code was possessed by CMI, Inc. (the corporation which manufactured the machine) located in the state of Kentucky. At the hearing on the motion, Yeary sought a ruling that the source code was relevant solely as a basis to facilitate court-ordered production of a digital version of the source code possessed by CMI in Kentucky. She sought production of the source code to examine it prior to trial for possible defects which she contends might have affected the accuracy of her breath test.

Yeary's attempt to gain court-ordered access to evidence she alleged is located in the state of Kentucky is controlled by the Uniform Act to Secure Attendance of Witnesses from Without the State (OCGA § 24-10-90 et seq.). The Uniform Act, a reciprocal act

adopted by Georgia and Kentucky, sets forth a procedure by which a defendant in a criminal prosecution in this state may seek to compel an out-of-state witness to appear and testify in this state. *Mafnas v. State*, 149 Ga. App. 286 (254 SE2d 409) (1979); OCGA § 24-10-94; Ky. Rev. Stat. Ann. § 421.230 et seq. The judge in this state must make certain findings under the Uniform Act, including a finding that the out-of-state witness is a material witness in the prosecution pending in this state. OCGA § 24-10-94. The judge's certification of the required findings is then presented to a judge of a court of record where the witness lives in the other state for consideration by that judge under the reciprocal provisions of the Act. Id. The Uniform Act may provide access not only to testimonial evidence from an out-of-state material witness, but also access to relevant, material documentary or like evidence in the possession of the witness. *French v. State*, 288 Ga. App. 775, 776 (655 SE2d 224) (2007); *Wollesen v. State of Ga.*, 242 Ga. App. 317, 321 (529 SE2d 630) (2000). The Uniform Act does not, however, support a stand-alone request for production (or subpoena duces tecum) for out-of-state documents; rather, a request for documents and like things under the Act must be made ancillary to a request for testimony from an out-of-state witness. *French*, 288 Ga. App. at 776.

Yeary's amended motion sought a relevancy ruling solely to facilitate production of the source code from CMI in the state of Kentucky. There is nothing in the record showing that Yeary identified or sought to obtain testimony from a witness who should be compelled to produce the evidence. For this reason, Yeary's motion for a ruling to facilitate production of the out-of-state evidence was not in compliance with the Uniform Act, and the trial court did not err by denying the motion. Id. Although the trial court denied the motion for other reasons, we affirm under the right for any reason rule. See *Fincher v. State*, 276 Ga. 480, 481 (578 SE2d 102) (2003).

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 10, 2010 —
RECONSIDERATION DENIED MARCH 1, 2010 —

*Head, Thomas, Webb & Willis, Gregory A. Willis*, for appellant.
*Rosanna M. Szabo, Solicitor-General, Joelle M. Nazaire, Richard C. Armond, Assistant Solicitors-General*, for appellee.