## S10G1085. YEARY v. THE STATE.

(711 SE2d 694)

BENHAM, Justice.

After the trial court denied her motion to obtain evidence possessed by a Kentucky corporation by means of the Uniform Act to Secure the Attendance of Witnesses from Without the State, OCGA § 24-10-90 et seq. ("Uniform Act"), appellant Lisa Yeary was convicted in a bench trial of driving under the influence per se based on evidence that the Intoxilyzer 5000 recorded her blood alcohol concentration as 0.179 grams, a result over the legal limit of 0.08 grams. See OCGA § 40-6-391 (a) (5). Before the Court of Appeals, Yeary argued that the trial court erred when it denied her pre-trial motion and found that the evidence she had sought from the out-of-state corporation, the source code for the Intoxilyzer 5000, was neither material nor relevant. The Court of Appeals upheld the trial court's ruling under the "right for any reason rule" and affirmed the judgment of conviction, holding that the Uniform Act could be used to obtain the presence and testimony of an out-of-state witness and evidence in the possession of the witness, but it could not be used to request only the production of evidence located in another state. *Yeary v. State*, 302 Ga. App. 535, 537 (690 SE2d 901) (2010). Citing *French v. State*, 288 Ga. App. 775, 776 (655 SE2d 224) (2007), the Court of Appeals concluded that "a request for documents and like things under the Act must be made ancillary to a request for testimony from an out-of-state witness" (*Yeary v. State*, supra, 302 Ga. App. at 537), and affirmed the trial court's denial of the motion because "[t]here is nothing in the record showing that Yeary identified or sought to obtain testimony from a witness who should be compelled to produce the evidence." Id. We granted Yeary's petition for a writ of certiorari to the Court of Appeals.

The Sixth Amendment to the United States Constitution[1] and Article I, Sec. I, Par. XIV of the Georgia Constitution guarantee a Georgia criminal defendant the right to compulsory process for obtaining witnesses in his defense. "[C]riminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie*, 480 U. S. 39, 56 (107 SC 989, 94 LE2d 40) (1987). A Georgia court has authority to compel the attendance at a Georgia criminal trial of persons anywhere within Georgia (OCGA §§ 24-10-21,

---

[1] The right to compulsory process guaranteed by the Sixth Amendment is applicable to the states through the Fourteenth Amendment. *Washington v. Texas*, 388 U. S. 14 (87 SC 1920, 18 LE2d 1019) (1967).

17-7-191); however, process issued by Georgia courts does not have extraterritorial power. See *Hughes v. State*, 228 Ga. 593 (3) (187 SE2d 135) (1972) (Georgia's constitutional provision to a criminal defendant of "compulsory process to obtain the testimony of his own witnesses . . . is of no benefit when the witnesses reside beyond the jurisdiction of the courts of this State."). See also *Pennoyer v. Neff*, 95 U. S. 714, 722 (24 LE 565) (1877), overruled in part by *Shaffer v. Heitner*, 433 U. S. 186, 212, n. 39 (97 SC 2569, 53 LE2d 683) (1977), which states "no State can exercise direct jurisdiction and authority over persons . . . without its territory."

The Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Proceedings, approved by the National Conference of Commissioners on Uniform State Laws in 1931 and amended in 1936, "is intended to provide a means for state courts to compel the attendance of out-of-state witnesses at criminal proceedings." *Availability under Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings of Subpoena Duces Tecum*, 7 ALR4th 836, § 1. Relying on the principles of comity in the absence of unilateral power to compel the appearance of a witness located out of state, the Uniform Act has been enacted by all 50 states. Studnicki and Apol, *Witness Detention and Intimidation: The History and Future of Material Witness Law*, 76 St. John's L. Rev. 483, 532 (2002); Wasserman, *The Subpoena Power: Pennoyer's Last Vestige*, 74 Minn. L. Rev. 37, 88 (1989).

Georgia's version of the Uniform Act, OCGA § 24-10-90 et seq.,[2] is the statutory means by which a witness living in a state other than Georgia can be compelled to attend and testify at a criminal proceeding in Georgia (OCGA § 24-10-94 (a)), and a witness living in Georgia can be compelled to attend and testify at a criminal proceeding in another state. OCGA § 24-10-92. While the statute speaks only to securing the attendance of an out-of-state witness, the scope of the statute has been construed in Georgia and several other states to authorize issuance of a summons that requires the out-of-state witness to bring items or documents with the witness. *Wollesen v. State of Ga.*, 242 Ga. App. 317 (3) (529 SE2d 630) (2000) ("[T]he power to order a witness to travel to a foreign state for the purpose of testifying [in a criminal proceeding] implicitly encompasses the power to order the witness to produce relevant documents."). See *French v. State*, 288 Ga. App. 775 (1) (655 SE2d 224) (2007); *Wyman v. State*, 125 Nev. 46 (217 P3d 572) (2009); *State v. Bastos*, 985 So2d 37 (Fla. 3rd Dist. Ct. App. 2008); *Ex parte Simmons*, 668 So2d 901

---

[2] With an effective date of March 31, 1976, Georgia's version of the uniform law is one of the more-recently enacted versions of the 1931 uniform act.

(Ala. Crim. App. 1995); *In the Matter of Rhode Island Grand Jury Subpoena*, 414 Mass. 104 (605 NE2d 840) (1993); *In re State of Calif. &c. Grand Jury Investigation*, 298 Md. 243 (469 A2d 452) (1983), later proceeding, 57 Md. App. 804 (421 A2d 1141) (1984); *In the Matter of State of Washington*, 198 NYS2d 897 (10 AD2d 691) (1960); *In the Matter of Saperstein*, 30 N.J. Super. 373 (104 A2d 842) (1954).

The question before us is whether the Uniform Act authorizes a party in a criminal proceeding to seek purportedly material evidence from an out-of-state corporate entity without naming a person within the corporation as the witness to be summoned to Georgia. The Uniform Act provides that a Georgia judge may issue a certificate that "a person" located outside Georgia is a "material witness" in a pending Georgia prosecution (OCGA § 24-10-94 (a)), and the Georgia court is also authorized to issue a certificate that the witness is in possession of evidence material to the pending prosecution. See *Wollesen v. State of Ga.*, supra, 242 Ga. App. 317 (3). A corporation is an artificial person (*Eckles v. Atlanta Technology Group*, 267 Ga. 801, 803 (485 SE2d 22) (1997)), and its corporate existence " 'implies amenability to legal process. . . . Possessing the privileges of a legal entity, and having records, books, and paper, it is under a duty to produce them when they may properly be required in the administration of justice.' " *Jones v. State of Ga.*, 99 Ga. App. 858 (109 SE2d 859) (1959), quoting *Wilson v. United States*, 221 U. S. 361, 374 (31 SC 538, 55 LE 771) (1911). Thus, an out-of-state corporation may be "a person" that is a material witness under the Uniform Act and may be determined to be in possession of material evidence.

A corporation " 'can act, and does act, alone and through agents. It deals with other corporations and with natural persons by its agents; it can deal with the world in no other way.' [Cit.]" *Eckles v. Atlanta Technology Group*, supra, 267 Ga. at 803. Since the corporation must act through human agents, the question then becomes whether the party requesting the certificate of witness-and-evidence materiality is required by the Uniform Act to identify the corporate agent through whom the out-of-state corporation will act in providing the purportedly material evidence, or whether the out-of-state corporation should designate its human agent. A subpoena can be directed to the corporation itself rather than a specified human agent (*Jones v. State of Ga.*, supra, 99 Ga. App. at 861) and, in discovery issues governed by the Civil Practice Act, when a deposition notice or subpoena is directed to a corporation and describes the matters for examination, it is the corporation which designates persons to testify on its behalf. OCGA § 9-11-30 (b) (6) and Rule 30 (b) (6), Federal Rules of Civil Procedure. We believe the more expedient course is to permit a party to request that a corporation, rather than its human agent, be found to be a material witness under the Uniform Act and

leave the issue of designation of its human agent to the corporation. Said designation need not occur until after a certificate of materiality has been issued by the Georgia trial court and the court in the county in which the out-of-state corporation is located conducts a hearing which the corporation has been ordered to attend, on the request for issuance of a summons to appear at the Georgia trial with the material evidence purportedly in the corporation's possession. See OCGA § 24-10-92 (a).

In reaching its conclusion to the contrary, the Court of Appeals cited *French v. State*, supra, 288 Ga. App. at 776. In *French*, the Court of Appeals ruled that a defendant failed to carry his burden of presenting enough facts for a Georgia court to issue a requesting certificate when the defendant failed to "identify any specific person, entity, agency, or records custodian who should be directed to produce the requested [school, juvenile, and child welfare agency] records [maintained in three states other than Georgia]." Id. Since Yeary's amended motion identified CMI, Inc. as the entity to be directed to produce the requested evidentiary material, it is not controlled by the holding in *French*.

The State points to *General Motors Corp. v. State*, 357 So2d 1045 (Fla. 3rd Dist. Ct. App. 1978) as holding that the Uniform Act cannot be used to seek documents located in another state without identifying an individual who is to be ordered to attend the Georgia criminal proceeding and bring the documents with him/her. In *General Motors*, the Delaware corporation challenged the issuance of a subpoena duces tecum issued at the request of the State and served on GM's Florida resident agent. GM argued that Florida's version of the Uniform Act was applicable. However, the Florida appellate court endorsed the trial court's ruling that the Uniform Act was not applicable since the subpoena seeking only documents was directed to a foreign corporation authorized to do, registered to do, and doing business in Florida. Id. at 1047. See also *CMI, Inc. v. Landrum*, 2010 WL 2441026 (Fla. App. 2nd Dist. 2010) (*General Motors* "holds that the Uniform Law does not apply to subpoena duces tecum seeking only the production of documents from the registered agents of nonparty, out-of-state corporations engaged in business in Florida. . . .").[3] But see *Reader's Digest Assn. v. Dauphinot*, 794 SW2d 608 (Tex. App. 1990) (subpoena served on out-of-state corporation's Texas registered agent ordered quashed because Uniform

---

[3] The trial court's order in *General Motors*, quoted in its entirety by the appellate court, stated that the "Uniform Law does not, as it presently reads, apply to requests solely for the production of documents." Arguably, that statement is dicta, with the actual holding being that the Uniform Act applies only to witnesses located outside Florida. *State v. Bastos*, 985 So2d 37, 39, n.1.

Act provides the proper procedure for summoning out-of-state witnesses); *In the Matter of Grand Jury Subpoenas &c.*, 70 NY2d 700 (513 NE2d 239) (1987) (out-of-state corporation doing business in New York may be compelled to produce out-of-state documents at a New York criminal proceeding pursuant to the Uniform Act and New York law governing persons "within the state"). Stated another way, *General Motors* holds that the Uniform Act is not applicable to obtain evidence when the out-of-state entity from which the evidence is sought is authorized to do business in the requesting state, is registered to do business in the requesting state, and is doing business in the requesting state. *General Motors* is not applicable to the case at bar since there is evidence that CMI is an out-of-state corporation and there is no evidence that CMI is authorized to do business in Georgia, is registered to do business in Georgia, is doing business in Georgia, and has a registered agent in Georgia.

The Court of Appeals erred when it concluded that a request under the Uniform Act that an out-of-state corporation be required to produce purportedly material evidence in its possession must be accompanied by the identification as a material witness of the corporate agent through which the corporation is to act. Should the certificate of materiality be issued by the Georgia court, it is for the Kentucky corporation to identify the human agent through whom it will act, perhaps in conjunction with the hearing that would be held in Kentucky upon receipt of the Georgia certificate of materiality. Accordingly, we vacate the judgment of the Court of Appeals and remand the case to that court for further proceedings not inconsistent with this opinion.

*Judgment vacated and case remanded. All the Justices concur.*

HINES, Justice, concurring.

I concur with the determination that the Uniform Act to Secure the Attendance of Witnesses from Without the State, OCGA § 24-10-90 et seq., authorizes a party in a criminal proceeding to seek the desired evidence from an out-of-state corporate entity without naming a person within the corporation as the witness to be summoned to Georgia; however, for the reasons in my dissent in *Davenport v. State*, 289 Ga. 399 (711 SE2d 699) (2011), I would find that the proper showing in regard to the sought witness/evidence is that it is "necessary and material" to the criminal prosecution in Georgia. OCGA § 24-10-94 (a).

DECIDED JUNE 20, 2011.

*Head, Thomas, Webb & Willis, Gregory A. Willis*, for appellant.

*Rosanna M. Szabo, Solicitor-General, Richard C. Armond, Joelle M. Nazaire, Assistant Solicitors-General,* for appellee.
*Charles C. Olson, Tasha M. Mosley,* amici curiae.