## A11A0595. SPANN v. THE STATE.
### (713 SE2d 722)

ADAMS, Judge.

Teresa Jean Spann was convicted following a bench trial of driving under the influence.[1] She appeals, contending that the trial court erred by not allowing the issuance of an out-of-state subpoena pursuant to OCGA § 24-10-90 et seq., The Uniform Act to Secure the Attendance of Witnesses from Without the State (Uniform Act), and by admitting evidence of a prior similar offense.

1. In her first enumeration of error, Spann challenges the trial court's denial of her motion for issuance of an out-of-state subpoena to the CEO of CMI, Inc., the Kentucky corporation that manufactures the Intoxilyzer 5000 so that she could obtain the source code for that machine. The record shows that the trial court originally granted Spann's request for the issuance of the out-of-state subpoena, based on a finding that production of the code was both necessary and material for Spann to challenge the accuracy of the results of the State-administered breath test. However, citing this Court's decisions in *Davenport v. State*, 303 Ga. App. 401 (693 SE2d 510) (2010), and *Yeary v. State*, 302 Ga. App. 535 (690 SE2d 901) (2010), the trial court subsequently vacated that order and denied Spann's motion for issuance of the out-of-state subpoena, finding that Spann had failed to show that either the witness or the source

---

[1] Following the denial of certain motions filed by Spann, she stipulated to the facts shown at the previous motions hearing.

code was necessary and material to the case.

The Supreme Court, however, recently vacated our opinions in *Davenport* and *Yeary*, finding, inter alia, that both trial courts and this Court have employed an improper standard in cases involving requests for issuance of an out-of-state subpoena by requiring a party to show that the out-of-state witness is both "necessary and material." Instead, that Court held that pursuant to OCGA § 24-10-94 (a), the trial court should make the initial finding concerning whether the witness is "material" and "whether the state in which [that] witness is located has laws 'for commanding persons within its borders to attend and testify in criminal prosecutions . . . in this state[.]' " *Davenport v. State*, 289 Ga. 399, 401 (711 SE2d 699) (2011). If the trial court finds those criteria are met, "the Georgia trial judge 'may issue a certificate under . . . seal' that is then presented to a judge of a court of record in the out-of-state county in which the witness is found." Id. at 401. The judge of the out-of-state court may then hold a hearing to make certain findings, including whether the out-of-state witness is "material and necessary to the Georgia criminal proceedings[,]" and based on these findings, will then determine whether to issue a summons directing the witness to attend and testify in the Georgia proceedings. Id.

In light of the foregoing, we must remand the case to the trial court for reconsideration of its order denying Spann's motion for the issuance of the out-of-state subpoena. If the court below determines that the witness for whom a certificate was requested is a "material" witness, it then must consider whether it ought to have issued a certificate in this case, and if so, whether Spann is entitled to a new trial or a new trial conditioned on the issuance by the appropriate out-of-state court of a subpoena to compel the appearance of the witness in Georgia. If the court below determines that no new trial is warranted, the judgment of conviction will stand affirmed, provided that Spann may file a timely appeal from that determination.

2. However, we find Spann's argument that the trial court erred by admitting similar transaction evidence because this evidence "*as applied to these facts*, violated [her] rights granted under the United States Constitution," to be unavailing. (Emphasis in original.) See also *Wade v. State*, 295 Ga. App. 45 (670 SE2d 864) (2008).

*Judgment affirmed on condition and remanded with direction. Barnes, P. J., and Blackwell, J., concur.*

DECIDED JULY 6, 2011.

*Head, Thomas, Webb & Willis, William C. Head*, for appellant. *Brian K. Fortner, Solicitor-General, Evelyn Proctor, Assistant*

*Solicitor-General, Deah B. Warren*, for appellee.