A09A1786. YEARY v. THE STATE.
(724 SE2d 427)

ANDREWS, Judge.

In *Yeary v. State*, 302 Ga. App. 535 (690 SE2d 901) (2010), we affirmed Lisa Ann Yeary's conviction in a bench trial for driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (5). In *Yeary v. State*, 289 Ga. 394 (711 SE2d 694) (2011), the Supreme Court vacated our judgment and remanded the case to this Court "for further proceedings not inconsistent with this opinion." Accordingly, the judgment of the Supreme Court is made the judgment of this Court, and we consider the need for further proceedings.

Yeary's conviction was based in part on evidence that an Intoxilyzer 5000 machine showed that she was driving with an unlawful blood alcohol concentration of 0.179 grams. We addressed Yeary's claim that the trial court erred by denying her pre-trial motion, filed pursuant to the Uniform Act to Secure the Attendance of Witnesses from Without the State (OCGA § 24-10-90 et seq.), to obtain the source code for the Intoxilyzer 5000 from a corporation located in Kentucky. The trial court denied the motion on the basis that "[t]he record does not support the conclusion that the source code Defendant seeks is material or relevant." As stated by the Supreme Court, we affirmed the trial court for a different reason and held under the right for any reason rule that

> the Uniform Act could be used to obtain the presence and testimony of an out-of-state witness and evidence in the possession of the witness, but it could not be used to request only the production of evidence located in another state . . . that a request for documents and like things under the Act must be made ancillary to a request for testimony from an out-of-state witness . . . [and that] there is nothing in the record showing that Yeary identified or sought to obtain testimony from a witness who should be compelled to produce the evidence.

*Yeary*, 289 Ga. at 394.

The Supreme Court recognized that "[w]hile the [Uniform Act] speaks only to securing the attendance of an out-of-state witness, the scope of the statute has been construed in Georgia and several other

states to authorize issuance of a summons that requires the out-of-state witness to bring items or documents with the witness." *Yeary*, 289 Ga. at 395. Accordingly, the Supreme Court found that

> [t]he Uniform Act provides that a Georgia judge may issue a certificate that "a person" located outside Georgia is a "material witness" in a pending Georgia prosecution (OCGA § 24-10-94 (a)), and the Georgia court is also authorized to issue a certificate that the witness is in possession of evidence material to the pending prosecution.

Id. at 396. Considering how the Uniform Act applies to a corporation, the Supreme Court held that "an out-of-state corporation may be 'a person' that is a material witness under the Uniform Act and may be determined to be in possession of material evidence." Id. Furthermore,

> [s]ince the corporation must act through human agents, the question then becomes whether the party requesting the certificate of witness-and-evidence materiality is required by the Uniform Act to identify the corporate agent through whom the out-of-state corporation will act in providing the purportedly material evidence, or whether the out-of-state corporation should designate its human agent.

Id. The Supreme Court answered that question as follows:

> We believe the more expedient course is to permit a party to request that a corporation, rather than its human agent, be found to be a material witness under the Uniform Act and leave the issue of designation of its human agent to the corporation. Said designation need not occur until after a certificate of materiality has been issued by the Georgia trial court and the court in the county in which the out-of-state corporation is located conducts a hearing which the corporation has been ordered to attend, on the request for issuance of a summons to appear at the Georgia trial with the material evidence purportedly in the corporation's possession. See OCGA § 24-10-92 (a).

Id. at 396-397. According to the Supreme Court, this Court erred by ruling to the contrary and concluding "that a request under the Uniform Act that an out-of-state corporation be required to produce purportedly material evidence in its possession must be accompanied by the identification as a material witness of the corporate agent

through which the corporation is to act."[1] Id. at 398.

Because we employed the right for any reason rule to affirm for a different reason the trial court's denial of Yeary's Uniform Act motion, we did not address the issue of whether the court correctly ruled that "[t]he record does not support the conclusion that the source code Defendant seeks is material or relevant." Since the trial court's ruling, the Supreme Court has explained that, when a trial court considers in a criminal prosecution whether to issue a certificate under the Uniform Act requesting the attendance of an out-of-state witness and evidence purportedly in the witness's custody, the criteria to be satisfied under OCGA § 24-10-94 (a) are whether the witness and the evidence are "material" to the pending Georgia prosecution, and "whether the state in which the out-of-state witness is located has laws for commanding persons within its borders to attend and testify in criminal prosecutions in this state." (Punctuation omitted.) *Davenport v. State*, 289 Ga. 399, 401 (711 SE2d 699) (2011); *Yeary*, 289 Ga. at 396. In determining materiality, the Supreme Court adopted the definition to be applied to "material witness" — " 'a witness who can testify about matters having some logical connection with the consequential facts, esp. if few others, if any, know about these matters.' Black's Law Dictionary (8th ed. 2004)." *Davenport*, 289 Ga. at 404. If the above criteria are satisfied "the Georgia trial judge may issue a certificate under seal that is then presented to a judge of a court of record in the out-of-state county in which the witness is found." Id. at 401. The out-of-state judge then determines whether to issue a summons directing the witness to attend and testify in the Georgia criminal proceedings and bring items or documents. Id.

In light of these directions from the Supreme Court, we remand the case to the trial court for reconsideration of Yeary's motion for a certificate under the Uniform Act, and to determine whether Yeary was entitled to issuance of what the Supreme Court in *Yeary* called a "certificate of witness-and-evidence materiality." Id. at 396. If the trial court determines with respect to the requested certificate that the out-of-state corporation is a "material" witness; that the witness is in possession of the Intoxilyzer 5000 source code; and that the source code is "material" evidence, the court must consider whether it ought

---

[1] This Court's ruling was that Yeary's motion did not identify a witness because it did not seek to compel the attendance and testimony of a witness. *Yeary*, 302 Ga. App. at 536-537. We found that Yeary's motion sought to use the Uniform Act solely as a means to compel the out-of-state corporation to produce the source code for inspection. Id. In support of her motion, Yeary contended in the trial court and on appeal to this Court that the out-of-state corporation could simply produce the source code by digitally transferring it as an e-mail attachment. We are bound, however, by the construction the Supreme Court placed on our opinion.

to have issued the requested certificate in this case, and if so, whether Yeary is entitled to a new trial or a new trial conditioned on the issuance by the appropriate out-of-state court of a subpoena to compel the witness to appear in Georgia and bring the source code with the witness. If the trial court determines that no new trial is warranted, the judgment of conviction will stand affirmed, provided that Yeary may file a timely appeal from that determination. *DiMauro v. State*, 310 Ga. App. 526, 529-530 (714 SE2d 105) (2011); *Spann v. State*, 310 Ga. App. 575, 576 (713 SE2d 722) (2011).

*Judgment affirmed on condition and case remanded with direction. Barnes, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 29, 2012.

*Head, Thomas, Webb & Willis, Gregory A. Willis*, for appellant.
*Rosanna M. Szabo, Solicitor-General, Joelle M. Nazaire, Richard C. Armond, Assistant Solicitors-General*, for appellee.