**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**November 21, 2012**

# In the Court of Appeals of Georgia

A12A1507. SPANN v. THE STATE.

BARNES, Presiding Judge.

Teresa Jean Spann was arrested in May 2007 for driving under the influence. She was convicted in August 2010 after a stipulated bench trial, and in her first appeal, she contended that the trial court erred by admitting evidence of a prior similar offense and by not allowing the issuance of an out-of-state subpoena. *Spann v. State*, 310 Ga. App. 575 (713 SE2d 722) (2011). This court found no merit to the first argument, but remanded for the trial court to reconsider the subpoena issue in light of *Davenport v. State*, 289 Ga. 399 (711 SE2d 699) (2011). The trial court reconsidered and again concluded that Spann was not entitled to subpoena an out-of-

state witness. Spann appeals, and finding that the trial court applied the wrong standard, we vacate the order and remand for further proceedings.[1]

Under the Uniform Act to Secure the Attendance of Witnesses from Without the State, OCGA § 24-10-90 et seq., a defendant in a Georgia criminal case may seek a certificate requesting the attendance of an out-of-state witness and the production of evidence in that witness's custody. *Davenport v. State*, 289 Ga. at 401. Under OCGA § 24-10-94 (a), the Georgia trial court first determines whether the out-of-state person is a "material witness" and whether the other state has laws for commanding a person within its borders to attend and testify in criminal prosecutions. Id. If so, the Georgia trial judge may issue a certificate that is then presented to a judge of a court of record in the out-of-state county in which the witness is found. Id.

After a hearing at which the witness is ordered to appear, the out-of-state court shall issue a summons requiring the out-of-state witness to attend the Georgia criminal proceeding if the court determines that "the witness is material and necessary to the Georgia criminal proceeding, that compelling the witness to attend the Georgia proceeding and testify would not cause an undue hardship to the witness, and that

---

[1]We recognize the trial court's dedication to resolving this issue in a manner consistent with the changing directives of the appellate courts.

2

Georgia will give the witness protection from arrest and the service of civil or criminal process. OCGA § 24-10-92 (b)." *Davenport v. State*, 289 Ga. at 401-402.

The court in *Davenport* clarified that the Georgia court does not determine whether the out-of-state witness is "necessary and material." Under OCGA § 24-10-92 (b), that determination is made by the judge in the state and county where the out-of-state witness is located. Rather,

> the Georgia trial court evaluates the request under OCGA § 24-10-94 and must determine only whether the out-of-state witness is a material witness in the Georgia criminal prosecution and whether it should issue the certificate requesting the out-of-state court to order the out-of-state witness to attend the criminal proceeding in Georgia.

*Davenport v. State*, 289 Ga. at 402. The court construed "material witness" as "a witness who can testify about matters having some logical connection with the consequential facts, esp[ecially] if few others, if any, know about these matters," quoting Black's Law Dictionary (8th ed. 2004). Id. at 404.

In this case, Spann sought to secure the appearance of an out-of-state witness – an executive of CMI, Inc., the Kentucky company that manufactures the Intoxilyzer 5000 – to testify about the Intoxilyzer 5000 source code. In the previously-appealed order addressed in *Spann*, 310 Ga. App. 575, the trial court denied Spann's motion

3

for an order finding the source code material, relevant, and necessary, which would have facilitated obtaining a subpoena duces tecum from a Kentucky court ordering the out-of-state witness to appear before the Georgia court with the source code and other documents. We remanded for the trial court to determine whether the out-of-state witness was "material," rather than "necessary and material," and if so, whether it should have issued the certificate in this case, and if so, whether Spann was entitled to a new trial. *Spann v. State*, 310 Ga. App. at 576.

Upon remand, the trial court held a hearing to determine "whether the Defendant had produced evidence to show that the production of the source code was material to challenge the accuracy of the breath test." The trial court noted that neither Spann nor the State presented any new evidence at the hearing, and analyzed the issue "based on the evidence that was already presented to it during the prior hearings." It concluded that the out-of-state witness was not "material." Because Spann was not entitled to a certificate of materiality concerning the out-of-state witness, the trial court held, she was not entitled to a new trial.

As both parties note in their briefs, the appellate record does not include transcripts of the three evidentiary motions hearings which were held before the trial court issued the order we reversed in *Spann*, 310 Ga. App. 575. Spann indicates that

4

the omission occurred because the transcripts of the hearings, which were conducted on behalf of three defendants, were filed only in one defendant's record and not in Spann's, and she asked both this court and the trial court to order the clerk of the trial court to supplement the record on appeal with those transcripts. In her motion to this court, Spann stated that the process of obtaining expedited transcriptions would be delayed "until terms of payment were resolved." This court denied Spann's motion, and in an amended motion Spann noted that the trial court had scheduled a hearing regarding the production of transcripts. The time for that hearing has passed, and the trial court clerk has not supplemented the record on appeal with these evidentiary hearing transcripts.

1. In this second appeal, Spann argues that the trial court erred by failing to apply the standard described in *Davenport* for determining whether the out-of-state witness could testify "about matters having some logical connection with the consequential facts." She also argues that the trial court erred in finding that the source code was not material to her defense.

5

We review for abuse of discretion the trial court's ruling on a motion made pursuant to OCGA § 24-10-90 et seq. *Cronkite v. State*, 317 Ga. App. 57, 59 (730 SE2d 694) (2012).[2]

> In order for the appellate court to determine whether the judgment appealed from was erroneous, it is the duty of the appellant to include in the record those items which will enable the appellate court to perform an objective review of the evidence and proceedings. OCGA § 5-6-41 (c). It is appellant's obligation to provide the record substantiating his claim.

(Citation omitted.) *Thompson v. State*, 269 Ga. App. 77 (603 SE2d 684) (2004). Ordinarily, absent transcripts of the evidentiary hearings on which a trial court based its order, this court would affirm. Id.

In this case, however, the trial court's order establishes that the court did not apply the relatively minimal standard enunciated in *Davenport*, 289 Ga. at 404, to determine whether Spann was entitled to a certificate of materiality under OCGA § 24-10-94 and thus a new trial. Instead, the trial court answered a different question:

---

[2]The Georgia Supreme Court has granted the defendant's petition for certiorari in *Cronkite*, framing the issue as "whether the Court of Appeals properly applied *Davenport v. State*, 289 Ga. App. 399 [730 SE2d 694] (2012)." *Cronkite v. State*, Case Number S12C1927 (November 19, 2012).

whether the Intoxilyzer 5000 was sufficiently reliable that expert testimony about its fallibility was unnecessary. The trial court found that the legislature has created procedural and testing safeguards to minimize the possibility of erroneous test results, that other safeguards were built into the trial process, such as a defendant's right to an independent test under the Implied Consent law, the admissibility of testimony that "would go to the weight of the evidence," and the fact that scientists and engineers on which expert opinions are based must be sufficiently qualified to attain publication.

Although the trial court stated the proper standard – that it was evaluating whether the out-of-state witness was "material" under *Davenport*, 289 Ga. 399 – the substance of its order establishes that it did not determine only whether the witness could "testify about matters having some logical connection with the consequential facts, esp[ecially] if few others, if any, know about these matters." Id. at 404. Instead, the trial court weighed the safeguards protecting the validity of the test results and the trial process generally and essentially determined that the witness was not necessary.

Accordingly, we vacate the trial court's order finding that Spann was not entitled to a certificate of materiality to present to an out-of-state judge to determine

whether the witness found within that court's jurisdiction is "necessary and material," and remand this case for further proceedings consistent with this opinion.

2. We previously considered and rejected Spann's argument that the trial court erred in allowing the State to present similar transaction evidence. *Spann v. State*, 310 Ga. App. at 576 (2). Absent changes in the evidentiary posture of a case which are absent here, a ruling by this court is binding in all subsequent proceedings in that case. *Pierce v. State*, 278 Ga. App. 162, 163 (1) (628 SE2d 235) (2006). The evidentiary posture of this case has not changed, and therefore our previous decision that the trial court did not err in admitting similar transaction evidence is binding.

*Judgment vacated and case remanded. Adams and McFadden, JJ., concur*.